PEROTTI, APPELLANT, *v.* FERGUSON ET AL., APPELLEES.

[Cite as Perotti *v.* Ferguson (1983), 7 Ohio St. 3d 1.]

(No. 82-1672—Decided October 26, 1983.)

*Messrs. Teaford, Rich & Dorsey* and *Mr. Matthew T. Fitzsimmons,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Mark G. Bonaventura* and *Mr. Michael A. Moses,* for appellees.

WILLIAM B. BROWN, J. The basic issue presented is whether the trial court's dismissal of appellant's cause of action for failure to attend a pre-trial conference in accordance with a local court rule was proper. For the reasons that follow, this court holds that the dismissal herein was improper because the trial court did not give appellant notice prior to the dismissal of his case as required by Civ. R. 41(B)(1).

Local Rule VII4(h) of the Court of Common Pleas of Scioto County, the rule upon which the trial court based the dismissal, provides as follows:

"Failure of counsel to appear at the conference to comply with these rules, shall be deemed sufficient cause for dismissal, *pursuant to Rule 41-B of the Ohio Rule of Civil Procedures* [*sic*]; and, in addition, in the absence of counsel or any parties, the court may allow amendments, decide all preliminary matters and make such findings, orders, judgments or decrees as the court may deem proper." (Emphasis added.)

Civ. R. 41(B)(1), which is notedly incorporated within the local rule, governs the dismissal with prejudice of a cause of action:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, *after notice to the plaintiff's counsel,* dismiss an action or claim." (Emphasis added.)

Under these rules, there is no doubt that a trial court may, *sua sponte,* dismiss an action for non-appearance at a pre-trial conference. Cf. *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89. As an indispensable prerequisite to the dismissal, however, the plain language of Civ. R. 41(B)(1) requires that plain-

tiff's counsel be given notice of the intended dismissal. Correspondingly, Local Rule VII4(h), by incorporating Civ. R. 41(B)(1), also mandates a pre-dismissal notice.

This court's holding today, that before a trial court may dismiss a case with prejudice for failure to appear at a pre-trial conference in accordance with a local court rule, notice of the dismissal must be given to plaintiff's counsel pursuant to the provisions of Civ. R. 41(B)(1), is in accordance with the spirit of Civ. R. 41(B)(1). As noted in McCormac, Ohio Civil Rules Practice (1983 Cum. Supp.) 118, Section 13.07, the purpose of this notice requirement is to give a party an opportunity to obey the order.[1] Indeed, upon notification of the intended dismissal, appellant could have corrected the defect, proceeded with the action, or dismissed the action voluntarily, this dismissal being without prejudice.

Not only does this holding embrace the spirit of Civ. R. 41(B)(1), but it also reflects a basic tenet of Ohio jurisprudence that cases should be decided on their merits. See, *e.g.*, *Maritime Manufacturers, Inc.* v. *Hi-Skipper Marina* (1982), 70 Ohio St. 2d 257 [24 O.O.3d 344]; *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 192 [23 O.O.3d 210]; *Zuljevic* v. *Midland-Ross* (1980), 62 Ohio St. 2d 116, 119 [16 O.O.3d 140].

In the instant case, appellant was proceeding *pro se* at the preliminary stage of the proceedings. Accordingly, notice of the intended dismissal was required to be sent to appellant himself pursuant to Civ. R. 41(B)(1). It is undisputed that the court failed to give appellant notice of its intent to dismiss the case. Resultantly, appellant had no opportunity to comply with the order, correct the defect, or proceed before dismissal, as the rule so contemplates.

Since the dismissal entered in this case was in violation of the provisions of Civ. R. 41(B)(1), the dismissal is hereby reversed and the cause is remanded to the trial court for further proceedings.[2]

*Judgment reversed and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

CLIFFORD F. BROWN, J., concurring. The excellent analysis of Civ. R. 41 by Justice William B. Brown causes a just result. It also complies with the mandate of Civ. R. 1(B) that "[t]hese rules shall be construed and applied to

---

[1] More fully, McCormac states as follows:

"The correct procedure on the part of the court would be to give immediate notice to plaintiff's counsel of his intention to dismiss with prejudice for failure to obey the order of court and to then so dismiss if the order was still not obeyed."

[2] This decision is specifically limited to the propriety of the dismissal with respect to Civ. R. 41. This court expresses no opinion as to the merits of any other claim or defense which may be raised upon remand.

effect just results by eliminating delay * * * and all other impediments to the expeditious administration of justice." Thereby, we obtain the main objective of justice "that cases should be decided on their merits," rather than upon procedural niceties and technicalities, as explained in *Maritime Manufacturers, Inc.* v. *Hi-Skipper Marina* (1982), 70 Ohio St. 2d 257 [24 O.O.3d 344]; *DeHart* v. *Aetna Life Ins. Co.* (1982), 69 Ohio St. 2d 189, 192 [23 O.O.3d 210]; and *Zuljevic* v. *Midland-Ross* (1980), 62 Ohio St. 2d 116, 119 [16 O.O.3d 140], cited by the majority, and in *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, 351; and *Baker* v. *McKnight* (1983), 4 Ohio St. 3d 125, 129, and by the partial concurrence of Judge Weber in *Sizemore* v. *Smith* (1983), 6 Ohio St. 3d 330, at 334, and by the dissent, at 334-338.