**POLIN, U.S.A., INC., Appellee,**

**v.**

**WALSH, d.b.a. Harp Enterprises, Appellant.**

[Cite as *Polin, U.S.A., Inc. v. Walsh* (1989), 61 Ohio App.3d 637.]

Court of Appeals of Ohio,
Summit County.

No. 13871.

Decided April 26, 1989.

*David N. Brown* and *David R. Jones,* for appellee.

*Mark A. Kaiser,* for appellant.

---

CACIOPPO, Presiding Judge.

Attorney Anthony Walsh represented his brother, Daniel P. Walsh, in an action which Polin, U.S.A., Inc. commenced. The original pretrial conference was postponed because the trial judge was ill. Walsh did not appear at the rescheduled pretrial. The trial court telephoned attorney Walsh's office. Walsh informed the trial judge that he received no notice of the pretrial conference. The trial judge immediately set a new pretrial conference date. Walsh once again failed to attend. The trial court dismissed Daniel Walsh's counterclaim and granted judgment for Polin pursuant to Loc.R. 8.01(6) ("Failure to Appear") of the Court of Common Pleas of Summit County, General Division, and Civ.R. 37.

### Assignment of Error I

."The lower court erred by granting plaintiff judgment and dismissing defendant's counterclaim without providing defendant with the notice and opportunity to cure required by Civ.R. 41(B)(1)."

Polin suggests this court review the similar facts and apply the rationale in *Wheeler v. U.S. Realty* (Oct. 23, 1986), Cuyahoga App. No. 50377, unreported, 1986 WL 11951. The language of Loc.R. 21 of the Court of Common Pleas of Cuyahoga County, General Division, is clearly distinguished from Loc.R. 8.01(6) in the case *sub judice*. Therefore, *Wheeler* does not apply.

Culmination of discovery is the essence of the procedure to which Loc.R. 8.01 applies. The rule sets forth an itemized list of facts and issues for which participating attorneys are held accountable. The judge may decide or consider for decision any motions pending in the case:

"(6) Failure of any attorney to be prepared for pretrial conference, and failure of a party or attorney to appear, or to cooperate in good faith in the conduct of pretrial conference, shall subject said attorney or party, in the discretion of the judge, to any sanctions provided by Rule 37 of the Ohio Rules of Civil Procedure, including an award of expenses and/or attorney fees to any party prejudiced by said failure and any other appropriate sanctions ordered by the court." Loc.R. 8.01(6) of the Court of Common Pleas of Summit County, General Division.

■ Walsh asserts that Civ.R. 41(B)(1) requires the trial court to give notice and provide an opportunity to cure any defect before granting default judgment and dismissing a counterclaim. This court agrees that notice is required prior to all dismissals with prejudice. " * * * [T]he notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders. A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 135, 488 N.E.2d 881, 883.

■ This court finds no merit in Walsh's argument that Civ.R. 41(B)(1) applies to default judgments. The plain language of the rule precludes this argument. Also, the argument for an opportunity to cure any defect has no merit. Walsh asserts that language out of the proper context. " * * * [U]pon notification of the intended dismissal, appellant could have corrected the defect, proceeded with the action, or dismissed the action voluntarily, this dismissal being without prejudice." *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3, 7 OBR 256, 257, 454 N.E.2d 951, 952. The Supreme Court also stated in *Perotti* that under Civ.R. 41(B)(1), a trial court may, *sua sponte*, dismiss an

action for non-appearance at a pretrial conference. 7 Ohio St.3d at 2, 7 OBR at 257, 454 N.E.2d at 952. Properly construed, the notice requirement provides a party an opportunity to avoid dismissal. If the party does not act, a trial court does not abuse its discretion in dismissing the action.

■ Notice of a pretrial conference is not sufficient notice of dismissal with prejudice pursuant to Civ.R. 37(B)(2)(c). Notice of the dismissal would permit Walsh to file a voluntary dismissal.

### Assignment of Error II

"The lower court abused its discretion by granting plaintiff judgment and dismissing defendant's counterclaim based on two missed pretrials, where defendant's failure to attend was not willful and did not prejudice plaintiff, but was instead the result of defendant's non-receipt of notice of the scheduled dates."

■ Dismissing the counterclaim was addressed in Walsh's first assignment of error. Only the granting of default judgment remains for review.

"It is exclusively within the trial court's discretion to determine the particular sanction to be imposed for the particular infraction committed. The appropriateness of the choice is reviewable to the extent that an abuse may have occurred in the exercise of the trial court's discretion in the selection of the sanction. Thus, the trial court must consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction which is most appropriate." *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App.3d 175, 178, 521 N.E.2d 1116, 1120.

The trial court scheduled three pretrial conferences in order to proceed with the case *sub judice.* The trial court postponed the first and rescheduled the conference. Walsh failed to attend the rescheduled conference. The trial judge personally rescheduled the conference. Polin and the trial court were prepared to proceed at each scheduled pretrial conference. Walsh failed to appear at each conference.

This court is not aware of any effort that Walsh made to proceed with the case or comply with the trial court's schedule. Walsh chooses to oppose the trial judge from what appears an excusable neglect position, and argue the sanction is unduly harsh. This court can not find the trial judge's choice of sanction was unreasonable or arbitrary.

Accordingly, we reverse the trial court's dismissal of the counterclaim and remand for further proceedings, and affirm the granting of default judgment.

*Judgment accordingly.*

Reece, J., concurs.

Quillin, J., concurs in part and dissents in part.

Quillin, Judge, concurring in part and dissenting in part.

The ultimate sanction for a claimant is a dismissal with prejudice of the claim. Conversely, the ultimate sanction for a defendant is a default judgment. The Ohio Supreme Court has ruled that the ultimate sanction of dismissal cannot be imposed without "the due process guarantee of prior notice." *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 135, 488 N.E.2d 881, 883. This not only embraces the spirit of the Civil Rules "but it also reflects a basic tenet of Ohio Jurisprudence that cases should be decided on their merits." *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3, 7 OBR 256, 257, 454 N.E.2d 951, 952.

Although the Supreme Court has not had an opportunity to rule on the question of whether prior notice is required before a default judgment can be used as a sanction, I believe the analogy is complete.

Therefore, just as notice is required before the ultimate sanction of dismissal can be imposed, so too is notice required before the ultimate sanction of default judgment can be imposed.

I hasten to add that I do not condone appellant's alleged disregard of a court directive. Nonetheless, there could be legitimate reasons to explain or mitigate the nonappearance. I am only saying that an opportunity to explain (notice) should be given before the ultimate sanction is imposed.