OPINION
On October 28, 1999, the Canton Municipal Court filed a judgment reciting, "Plaintiff failed to appear, case dismissed." Plaintiff-appellant, Gold Key Lease, Inc. (appellant), filed a motion to vacate the dismissal entry pursuant to Civ.R. 60(B), which motion was overruled on November 19, 1999. Appellant filed a timely Notice of Appeal from the judgment dismissing its case, assigning a single error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED BY DISMISSING PLAINTIFF-APPELLANT'S ACTION WITH PREJUDICE FOR WANT OF PROSECUTION FOR FAILURE TO ATTEND A CALL-OF-THE-DOCKET/PRE-TRIAL CONFERENCE, WITHOUT NOTICE THAT DISMISSAL WITH PREJUDICE WOULD BE IMPOSED IF PLAINTIFF OR ITS COUNSEL FAILED TO APPEAR.
Appellant's complaint was initially filed in the Canton Municipal Court on September 21, 1999. Appellee filed an answer on October 12, 1999. On October 22, 1999, the Court mailed notice of a "call of the docket, pre-trial conference" that was scheduled to occur on Thursday, October 28, 1999. On October 28, 1999, the Court filed its judgment dismissing the case on the basis that "plaintiff failed to appear." Pursuant to Civ.R. 41(B), the judgment of dismissal was an involuntary dismissal and, thus, an adjudication on the merits, i.e., a final appealable judgment. Civ.R. 41(B)(1), (3). Civ.R. 41(B)(1) provides: Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim. (Emphasis added) Here, it is undisputed appellant was not notified prior to the dismissal of the action sub judice that such dismissal was being contemplated by the Court for appellant's failure to "prosecute, or comply with [the Civil] rules or any court order." Accordingly, upon the authority of Civ.R. 41 and Perotti v. Ferguson (1983), 7 Ohio St.3d 1, and Scott v. Barker (August 31, 1993), Fairfield County App. No. 17-CA-93, 1993 WL 370653, unreported, we sustain the sole Assignment of Error. We hereby reverse the judgments of the trial court dismissing the complaint and overruling appellant's Civ.R. 60(B) motion, and remand this matter to the Canton Municipal Court for further proceedings according to law.
 _________________________ MILLIGAN, V.J.
HOFFMAN, P.J. and EDWARDS, J. concur.