OPINION
Plaintiff-appellant, Stacia L. Crisan, appeals a decision of the Mahoning County Court of Common Pleas dismissing her complaint for failure to obtain service within six months upon defendant-appellee, Justin C. Staffeld.
Appellant and appellee were allegedly involved in a motor vehicle accident on November 27, 1996. On November 25, 1998, appellant filed a complaint alleging negligence on the part of appellee. Appellant filed the complaint with instructions to the clerk to serve appellee by certified mail at the address provided on the motor vehicle accident report. Appellant's counsel also mailed a courtesy copy of the complaint to appellee's counsel.
On January 12, 1999, the clerk sent a postcard to appellant's counsel indicating that certified mail service had failed. Two months later on March 11, 1999, the trial court issued a judgment entry stating that the case would be dismissed on May 25, 1999, for want of prosecution as a result of either failure to obtain service or failure to apply for a default judgment.
Another two months later, on May 19, 1999, appellant's counsel filed instructions with the clerk to serve appellee at the same address by regular U.S. mail. On May 25, 1999, pursuant to appellant's request, the clerk sent the summons and complaint to appellee by regular mail. However, on June 14, 1999, regular mail service was returned to the clerk stating, "no forward order on file, unable to forward, return to sender."[1]
On July 1, 1999, appellee filed a stipulated leave to plead with the stipulation that appellee was not waiving any objections to jurisdiction, venue, or service of process. On July 22, 1999, appellee filed a motion to dismiss for failure of appellant to obtain service upon appellee within six months as required by Civ.R. 4(E). On August 5, 1999, appellant responded with a memorandum in opposition and also filed an affidavit for service by publication.
On September 13, 1999, the trial court issued a judgment entry sustaining appellee's motion to dismiss. On September 14, 1999, appellant filed a proof of publication. On October 13, 1999, the court filed an amended judgment entry stating that appellee's motion to dismiss was sustained with prejudice.[2] This appeal followed.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ERRED BY DISMISSING PLAINTIFF-APPELLANT'S COMPLAINT WITH PREJUDICE FOR FAILURE TO OBTAIN SERVICE WITHIN SIX MONTHS AFTER FILING THE COMPLAINT."
Appellant argues that the trial court abused its discretion by dismissing her complaint because, pursuant to Civ.R. 4(E), she demonstrated good cause why service was not obtained within six months of filing her complaint. Specifically, appellant argues that she was diligent in attempting to obtain service on appellee. In response, appellee argues that appellant was not diligent.
Appellee's motion to dismiss was based upon appellant's failure to obtain service within six months pursuant to Civ.R. 4(E) and appellant's failure to prosecute pursuant to Civ.R. 41(B)(1). Furthermore, based upon appellant's alleged failure to prosecute, appellee maintained that appellant's case should be dismissed with prejudice.
Civ.R. 4(E) provides in relevant part:
 "If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. * * *"
Civ.R. 41(B) provides in relevant part:
 "(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
"* * *
 "(3) Adjudication on the merits; exception. A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.
 "(4) Failure other than on the merits. A dismissal (a) for lack of jurisdiction over the person or the subject matter, or (b) for failure to join a party under Rule 19 or Rule 19.1 shall operate as a failure otherwise than on the merits."
Contrary to the implicit assumption underlying both parties' arguments, appellant was not required to show good cause in order to have her complaint dismissed without prejudice. A "good cause" inquiry is only relevant to a determination of whether plaintiff's complaint should be dismissed in the first instance. Should the trial court determine that the plaintiff has failed to show good cause why his or her complaint should not be dismissed, then the trial court may only dismiss the complaint without prejudice.
While Civ.R. 4(E) mandates that a case shall be dismissed withoutprejudice for failure to obtain service, a case dismissed under Civ.R. 41(B)(3) operates as an "adjudication on the merits, unless the court, in its order for dismissal, otherwise specifies." This contradiction in the rules is further complicated by the trial court's failure to specify upon which grounds it was sustaining appellee's motion to dismiss.
Nonetheless, the Ohio Supreme Court, in Thomas v. Freeman (1997),79 Ohio St.3d 221, resolved this apparent contradiction in the rules and its decision is dispositive of the case presently before this court. The court noted:
 "Both Civ.R. 4(E) and 41(B)(1) provide the authority for a court, on its own initiative, or on motion by a party, to dismiss the plaintiff's case. Therefore, Civ.R. 41(B)(1) and 4(E) should be read in pari materia. Civ.R. 41(B)(4) provides the effect of this type of dismissal.
 "To allow a court to dismiss a case on the merits for a failure of service pursuant to Civ.R. 41(B)(1) would render Civ.R. 4(E) useless with regard to the effect of the dismissal, i.e., dismissals under Civ.R. 4(E) are always otherwise than on the merits, while dismissals under Civ.R. 41(B)(1) can be on the merits. The result is that different courts have applied either Civ.R. 4(E) or 41(B)(1) to the same fact pattern, with severe consequences to those parties dismissed under Civ.R. 41(B)(1) where the dismissal was on the merits.
 "Therefore, in reconciling the two rules, where the facts indicate that a plaintiff has not acquired service on the defendant, the court may characterize its dismissal as a failure to prosecute pursuant to Civ.R. 41(B)(1), or as a failure to obtain service under Civ.R. 4(E), but the dismissal under either rule will be otherwise than on the merits under Civ.R. 41(B)(4).
 "This analysis strikes a balance between the competing public policies of construing and applying the Civil Rules to eliminate those cases merely languishing on the docket versus deciding cases upon their merits. Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 7 OBR 256, 454 N.E.2d 951. Dismissal with prejudice is a very severe and permanent sanction, to be applied with great caution. See Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 128, 647 N.E.2d 1361, 1364-1365."
Applying Thomas to the present case, it is apparent that the trial court erred in dismissing appellant's complaint with prejudice. Regardless of whether the court dismissed appellant's complaint based upon lack of service or failure to prosecute, the fact remains that appellant was unable to acquire service upon appellee thereby rendering the court's dismissal of appellant's complaint as one otherwise than on the merits.
The savings statute, R.C. 2305.19, provides in relevant part:
 "In an action commenced, or attempted to be commenced, if in due time * * * the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date."
Therefore, appellant has one year from the trial court's dismissal of her complaint to commence a new action against appellee. Additionally, as this court has noted in a previous decision[3], the saving provisions of R.C. 2305.19 would not commence to run until the date this court issues its decision in this matter.
Accordingly, appellant's sole assignment of error is with merit.
The judgment of the trial court is hereby reversed, said previous dismissal shall be otherwise than on the merits and the savings provision of R.C. 2305.19 shall commence to run upon the entry of this decision.
 ____________ DONOFRIO, J.
Vukovich, J., concurs.
Waite, J., concurs.
[1] Although the returned envelope is physically part of the record, it is not recorded on the docket nor is there any evidence that appellant or her counsel received notice of this failure of service.
[2] The court's entry in this regard is confusing in that a motion to dismiss cannot, by its nature, be sustained with prejudice. Presumably, the court meant to state that appellee's motion to dismiss was sustained and appellant's complaint was dismissed with prejudice.
[3] Liposchak v. Ohio Bur. of Workers' Comp. (Mar. 23, 2000), Jefferson App. No. 98-JE-26, unreported, 2000 WL 310545.