[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The pro se defendant-appellant, Alex Penland, appeals from the order of the trial court dismissing his action to recover certain monies and property seized from him at the time of his arrest. The trial court dismissed the action due to Penland's failure to appear on the day of trial due to his incarceration in a state correctional facility.
The record reflects that Penland, an active advocate in his own cause, made a motion to be present at trial, requesting the court to order the sheriff's office to transport him to the courtroom. The motion was filed on November 15, 2000, one month ahead of the trial, which was scheduled for December 15, 2000. The record reflects no ruling on this motion. Further, the record does not reflect that any notice was given to Penland prior to the court's dismissal of his action for want of prosecution.
Generally, where an incarcerated plaintiff acting pro se is unable to appear, the trial court should pursue avenues other than a dismissal on the merits, chief among which would be a dismissal without prejudice. SeeLaguta v. Seriko (1988), 48 Ohio App.3d 266, 549 N.E.2d 216. Pointing out that the trial court's entry of dismissal does not specify whether the dismissal is with prejudice, the city argues that "there should be only one conclusion, based upon the particular facts and circumstances of the Plaintiff-Appellant's status, that the dismissal is not on the merits and the Plaintiff-Appellant may institute another cause of action." Under this reading, the city argues, there can be no abuse of discretion. SeePembaur v. Leis (1982), 1 Ohio St.3d 89, 437 N.E.2d 1199.
While we agree with the city that if the dismissal were without prejudice much of this appeal would be rendered meaningless, there remains a problem with the city's argument, in fact, a rather large one: Civ.R.41(B)(3) provides that an entry of dismissal is on the merits unless the court otherwise specifies. A simple reading of the rule, therefore, effectively negates the city's argument.
Further, the city's argument does not address the apparent failure of the trial court to give notice of the dismissal, as the rule requires. See Civ.R. 41(B)(1). The Ohio Supreme Court has held that the required notice is an "indispensable prerequisite to the dismissal." Perotti v.Ferguson (1983), 7 Ohio St.3d 1, 3, 454 N.E.2d 951, 952. See, also, Moorev. Emmanuel Family Training Center (1985), 18 Ohio St.3d 64,479 N.E.2d 879. Where the plaintiff is not represented by counsel, notice of the intended dismissal is required to be sent to the plaintiff himself. Perotti, supra, at 4, 454 N.E.2d at 952.
Penland also appeals the trial court's denial of a motion for attorney fees, which he feels he is entitled to under the authority of Brooks v.Dayton (1990), 70 Ohio App.3d 722, 591 N.E.2d 1352. In Brooks, the trial court awarded attorney fees after rendering judgment against the city on a claim that the police department had vexatiously refused to return money that officers had seized as evidence. This case is easily distinguishable, however, because Penland has not received a judgment on his claim.
Accordingly, the dismissal is hereby reversed and the cause is remanded to the trial court for further proceedings in accordance with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., DOAN and WINKLER, JJ.