OPINION
This is an appeal from an order of the court of common pleas dismissing Plaintiffs' action as a sanction for failure to provide or permit discovery Plaintiffs had been ordered to provide., Plaintiffs filed their action against Defendants on October 25, 2000, seeking expungement of certain school records. After responsive pleadings were filed, Defendants asked for discovery. When Plaintiffs allegedly failed to provide discovery, Defendants moved to compel discovery. On May 25, 2001 the trial court granted Defendants' motion and ordered Plaintiffs to provide discovery. The court allowed Plaintiffs twenty-one days to comply.
On September 18, 2001, Defendants moved to dismiss Plaintiffs' action pursuant to Civ.R. 37 and Civ.R. 41(B)(1), alleging that Plaintiffs had failed to provide Defendants the discovery the court ordered them to provide. The trial court granted Defendants' motion and dismissed Plaintiffs' action on October 9, 2001, without a hearing, stating that Plaintiffs had failed to respond to Defendants' motion to dismiss within the time provided by the Rules of Civil Procedure., Plaintiffs filed a timely notice of appeal. They present three assignments of error, which state:
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT DISMISSED THE PLAINTIFFS' ACTION UNDER OHIO RULES OF CIVIL PROCEDURE 37, SINCE PLAINTIFFS COMPLIED WITH THE DEFENDANTS' DISCOVERY REQUESTS THROUGHOUT THE LITIGATION PROCEEDINGS.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER WHETHER PLAINTIFFS' SUBMISSION OF DISCOVERY RESPONSES COMPLIED WITH THE DISCOVERY REQUESTS UNDER OHIO CIVIL RULES 26-37.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT ORDERED SANCTIONS AGAINST PLAINTIFFS WITHOUT DETERMINING WHETHER PLAINTIFFS FAILED TO COMPLY WITH ITS PREVIOUS ORDER OF DISCOVERY UNDER OHIO CIVIL RULE 37.
 The trial court granted Defendants' motion to dismiss as a Civ.R. 37(B)(2)(c) sanction for Plaintiffs' alleged failure to comply with the court's order of May 25, 2001, compelling discovery. The court so found from the fact that Plaintiffs had not responded to Defendants' motion of September 28, 2001, in which Defendants asked the court to dismiss the action as a sanction for Plaintiffs' alleged failure to provide discovery.
Civ.R. 5(D) provides, inter alia, that a party's responses to a request for discovery "shall not be filed unless on order of the court." Mont.Loc.R. 2.09(IV) states the same. The court's order of May 25, 2001, compelling discovery, did not order Plaintiffs to file any discovery they provided Defendants with the court to demonstrate compliance with its order, or to report their compliance in some other way. Therefore, the fact that the record was silent with regard to whether Plaintiffs had complied with the court's order does not demonstrate that they failed to comply. The only matter so suggesting is the motion to dismiss that Defendants filed on September 28, 2001, which contains that allegation.
Civ.R. 37(B)(2)(c) permits a court to dismiss an action for a party's failure to comply with a discovery order. However, dismissal is ordered pursuant to Civ.R. 41(B)(1), and the two rules "should be read in parimateria with regard to dismissals for prejudice." Ohio Furniture Co. v.Mindala (1986), 22 Ohio St.3d 99, 101.
 This holding stems from and reflects "a basic tenet of Ohio jurisprudence that cases should be decided on their merits." Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 3, 454 N.E.2d 951. Notice of intention to dismiss with prejudice gives the non-complying party one last chance to obey the court order in full. The moving party should not be allowed to circumvent this protection by simply framing his motion in terms of a Civ.R. 37 sanction. Nor should a trial court on its own motion dismiss on the merits without prior notice.
 Id.
Notice is one of the two essential elements of due process. The other is an opportunity to be heard. State v. Edwards (1952), 157 U.S. 175. The trial court denied Plaintiffs an opportunity to be heard on the causes Defendants alleged when it dismissed Plaintiffs' action without a hearing to determine whether Plaintiffs had, in fact, failed to provide the discovery they were ordered by the court to provide. The court could not know that the allegation was true, otherwise, notwithstanding the fact that Plaintiffs failed to file a motion contra Defendant's motion for sanctions. Further, the trial court could not, absent that knowledge, determine whether the sanction it imposed was "just," as Civ.R. 37(D) requires with respect to sanctions it authorizes the court to impose., Plaintiffs-Appellants have attached material to their briefs which they claim they provided Defendants in discovery, voluntarily and/or in response to the trial court's order. Those materials are not a part of the record, not having been filed with the trial court. Defendants have moved to strike those materials from Plaintiffs-Appellants' brief., Plaintiffs-Appellants complain that they provided the materials attached to their brief, but in the customary manner, directly to Defendants. Being subject to the court's order compelling discovery, Plaintiffs might have sought a stipulation concerning the discovery they say they provided, per Mont.Loc.R. 2.09(III), and the stipulation would have informed the court the extent of their compliance when the court was later confronted with Defendants' motion to dismiss. Coupled with the fact that Plaintiffs made no response to that motion, the court was "put in the dark" about whether or not Plaintiffs had complied. Nevertheless, the court could not assume the truth of the factual allegations in Defendant's motion merely because Plaintiffs failed to file a motion in opposition. An evidentiary hearing, with notice to Plaintiffs, was needed in order to make the finding required., Defendants' motion to strike is granted. However, Plaintiffs' assignments of error are also sustained. The order from which the appeal was taken will be reversed, and the matter will be remanded to the trial court for further proceedings consistent with this opinion., Defendant's motion to strike filed herein on December 21, 2001, is Granted.
WOLFF, P.J. and Young, J., concur.