OPINION
{¶ 1} On July 13, 1993, the Mansfield Municipal Court entered judgment in favor of appellant Bank One of Mansfield, C/O Asset Acceptance Corp., and against appellee Gloria Walker, in the amount of $4,000. The judgment was not executed. On June 3, 2002, appellant filed a motion to revive the judgment.
 {¶ 2} On August 2, 2002, the court granted a conditional order of revivor, informing appellee that she had thirty days from the date the judgment was mailed to request a hearing, to show sufficient cause why the judgment should not be revived. After the expiration of the thirty-day period, the judgment would stand revived, and appellee would have no further right to object.
 {¶ 3} On August 20, 2002, appellee filed an objection to the conditional order of revivor, and requested a hearing. The case was set for hearing before a magistrate on October 16, 2002. Notice of the hearing was mailed by the magistrate's office to counsel for the parties on September 18, 2002.
 {¶ 4} Counsel for appellant failed to appear for the hearing. The magistrate recommended that the objection to the revivor be sustained, and appellant's motion to revive be denied, based solely on the fact that appellant failed to appear for the hearing. The magistrate specifically found that based upon the limited argument appellee presented, the fact that appellant did not appear is the only reason that appellee would be granted his objection to the revivor.
 {¶ 5} Appellant filed an objection to the magistrate's report, including an affidavit stating that counsel did not receive notice of the hearing. The court entered judgment in accordance with the decision of the magistrate. Appellant assigns a single error on appeal:
 {¶ 6} "The trial court erred by denying plaintiff's motion to revive judgment."
 {¶ 7} Civ.R. 41(B)(1) provides that where the plaintiff fails to prosecute, or to comply with the Civil Rules or any court order, the court may, after notice to the plaintiff's counsel, dismiss an action or claim. The notice requirement of Civ.R. 41 is an absolute prerequisite to dismissal for failure to prosecute. Moore v. Emmanuel Family TrainingCtr. (1985), 18 Ohio St.3d 64. A trial court must give notice of dismissal to plaintiff's counsel before it dismisses a case with prejudice for failure to appear at a pre-trial conference. Perotti v.Ferguson (1983), 7 Ohio St.3d 1. Such notice permits a plaintiff an opportunity to comply with the order, correct the defect, or proceed before dismissal. Id. at 3.
 {¶ 8} While the instant case does not involve dismissal of an action, the facts of this case are analogous to dismissal for failure to attend a pre-trial conference. The notice mailed by the magistrate's office to both attorneys does not notify the parties that failure to appear could result in denial of the motion to revive. Further, counsel for appellant filed a timely objection to the magistrate's decision, including an affidavit in which he stated that he never received the notice of the October 16, 2002, hearing. From paragraph seven of the decision of the magistrate, it is apparent that the fact that appellant failed to appear at the hearing is the only reason that appellee was granted her objection to the revivor, and the motion was denied. The court erred in overruling appellant's objection to the magistrate's report, rather than remanding for an evidentiary hearing on the merits of the objection to the conditional revivor.
 {¶ 9} The assignment of error is sustained.
 {¶ 10} The judgment of the Mansfield Municipal Court is reversed. This cause is remanded to that court with instructions to conduct an evidentiary hearing on the merits of the motion to revive.
By: Gwin, P.J., and Farmer, J., concur; Hoffman, J., dissents