DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Municipal Court judgment in favor of Arthur King, plaintiff below and appellee herein, on his claim(s) against Chad Kelly and Diane Kelly, defendants below and appellants herein. The following errors are assigned for review:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ABUSED ITS DISCRETION IN NOT OVERRULING THE MAGISTRATE'S FAILURE TO GRANT A SHORT BUT SUFFICIENT CONTINUANCE WHEN THE MAGISTRATE KNEW DEFENDANTS WERE ON THEIR WAY TO COURT."
SECOND ASSIGNMENT OF ERROR:
"THE LAWRENCE COUNTY MUNICIPAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANTS' MOTION FOR A NEW TRIAL."
 {¶ 2} On or about April 6, 2001, appellee filed a complaint in the Lawrence County Municipal Court, Small Claims Division, and alleged that appellants owed him monies for unpaid rent and utility bills. Appellee asked for $2,683.35 in compensatory damages. Appellants denied liability on the complaint and filed a counterclaim that alleged that appellee breached his statutory duty to repair the premises, breached his obligations under the oral lease agreement and failed to return the couple's security deposit. Appellants requested for combined damages in excess of $2,600. Appellee denied liability on appellants' counterclaim.
 {¶ 3} The matter came on for an evidentiary hearing on June 19, 2001. Appellants, however, did not appear. Their counsel did appear and was granted a short continuance during which time he attempted to ascertain appellants' whereabouts. After calling their home, and receiving information that they were enroute, counsel informed the magistrate. The magistrate decided to commence the hearing.
 {¶ 4} Appellee testified that he leased the premises at 71 Township Road 1022, in South Point, to appellants in September of 1999 for $550 per month with the understanding that they would perform certain repair work on the premises in exchange for a $100 rent rebate. He further stated that appellants did not complete much of the work expected of them and, in addition, failed to pay two months rent. Appellee testified that appellants owed him $900 for those months and $1,055.16 for unpaid utility bills.[2]
 {¶ 5} At the conclusion of the hearing, appellants' counsel received word that his clients were on their way after having appeared for the hearing in the wrong place. As it turned out, counsel, as he candidly admits, inadvertently informed them that the hearing was scheduled to be held at the Ironton Municipal Court, in Ironton, Ohio, rather than the Lawrence County Municipal Court, in Chesapeake, Ohio. Appellants did not realize their mistake until the hearing was under way. Appellants then left Ironton and traveled to Chesapeake. The magistrate did grant appellants fifteen additional minutes to appear but, when appellants still did not appear, he deemed the matter submitted for decision. Appellants arrived at the Lawrence County Municipal Court in Chesapeake some ten minutes after that.
 {¶ 6} On June 19, 2001, the magistrate filed a summary recommendation that appellee be awarded $1,605.18 in damages. Appellants filed "objections" to the report and asked that the matter be reopened so that evidence could be presented on their counterclaim. The trial court overruled the objections and, on July 13, 2001, entered judgment "as recommended" by the magistrate.
 {¶ 7} On July 25, 2001, appellants filed a motion for new trial pursuant to Civ.R. 59(A)(1) and argued that the magistrate's refusal to grant them a further brief continuance for the hearing constituted an abuse of discretion. The trial court took the matter under advisement and, on October 23, 2001, overruled their motion.
 {¶ 8} An appeal was taken to this Court. The case was dismissed, however, for lack of a final appealable order. We noted that the trial court did not specifically state what relief was being granted to appellee. See King v. Kelly, Lawrence App. No. 01CA33, 2002-Ohio-4647. On October 30, 2002, the court entered judgment and ordered appellants to pay appellee $1,065 in damages. This appeal followed.
 I {¶ 9} Appellants argue in their first assignment of error that the magistrate should have continued the proceedings until they could appear at the hearing in Chesapeake and that the trial court erred by not overruling the magistrate's decision. We agree. Our analysis begins from the premise that the decision to grant or to deny a continuance rests with the trial court's discretion. State v. Mason (1998),82 Ohio St.3d 144, 155, 694 N.E.2d 932; State v. Claytor (1991),61 Ohio St.3d 234, 241, 574 N.E.2d 472; State v. Unger (1981),67 Ohio St.2d 65, 423 N.E.2d 1078, at the syllabus.
 {¶ 10} As appellants correctly point out in their brief, the Ohio Supreme Court has set out the following standard for determining whether a continuance is warranted:
"In evaluating a motion for a continuance, a court should note, inter alia : the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case."
 {¶ 11} Unger, supra at 67-68; also see State v. Franklin,97 Ohio St.3d 1, 776 N.E.2d 26, 2002-Ohio-5304, at ¶ 18; State v.Murphy (2001), 91 Ohio St.3d 516, 523, 747 N.E.2d 765.
 {¶ 12} Applying these factors to the circumstances in the case sub judice, we conclude that additional time should have been provided to appellants to allow them to attend the hearing. The uncontroverted evidence reveals that appellants were enroute to the hearing when the magistrate deemed the matter submitted. Moreover, their absence at the beginning of the hearing was not due to neglect or disregard. Indeed, they made every effort to attend the hearing, but were directed to the wrong location (i.e. the Municipal Court in Ironton rather than the Municipal Court in Chesapeake). Their counsel candidly admitted that the mistake was his fault and he informed the magistrate that they were on their way. Finally, the appellants did arrive for the hearing approximately ten minutes after its conclusion. In light of these particular facts and circumstances, we believe that the hearing should have been delayed for a short time until appellants could attend (since the court personnel knew they were on their way) or continued the matter to another time.
 {¶ 13} We hasten to add, however, that we are not unsympathetic to appellee and the trial court. We are well aware that dilatory conduct or unexcusable neglect by litigants and counsel frequently result in missed hearings and delays. However, when the record reveals that the delay resulted from an honest mistake and was not committed in bad faith or with purpose to simply delay the proceedings, and that the litigants were on their way to the hearing, every effort should be made to afford to the litigants their right to be heard. Our ruling is buttressed by the polestar of Ohio's procedural jurisprudence which is that cases should be decided on their merits when possible. See State ex rel. Montgomery v. R D Chem. Co. (1995), 72 Ohio St.3d 202, 204, 648 N.E.2d 821; Perottiv. Ferguson (1983), 7 Ohio St.3d 1, 3, 454 N.E.2d 951; Peterson v.Teodosio (1973), 34 Ohio St.2d 161, 175, 297 N.E.2d 113. For these reasons, we agree with appellants that the hearing should have been continued for a short time or until a later date.
 {¶ 14} Accordingly, based upon the foregoing reasons, we hereby sustain appellants' first assignment of error.
 II {¶ 15} Appellants argue in their second assignment of error that the trial court erred in overruling their Civ.R. 59 motion for new trial. In view of our decision and disposition on appellants' first assignment of error, this assignment of error is now rendered moot and will be disregarded pursuant to App.R. 12(A)(1)(c).
 {¶ 16} Having sustained appellants' first assignment of error, we hereby reverse the trial court's judgment and remand the matter for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed, the case be remanded for further proceedings and that appellants recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Kline, J.: Concur in Judgment Opinion.
[2] Appellee explained that the utilities at the premises were originally in his name and that appellants should have switched them into their names once they took possession of the property. They failed to do so, however, and left the property with appellee responsible for a $646.75 electric bill, a $240.68 sewer bill and a $167.33 water bill.