OPINION
{¶ 1} This is an appeal from a denial of a Civ.R. 60(B) Motion for relief from judgment by the Court of Common Pleas Licking County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This cause has an extended procedural history.
 {¶ 3} A great deal of asserted facts are stated in each of the respective Briefs but we have no transcript of testimony in support thereof.
 {¶ 4} We will set forth certain of these factual statements, not for the accuracy thereof but for purposes of setting the stage for the proceedings which occurred.
 {¶ 5} Appellant Joan Baker apparently entered into an investment through a friend and investment counselor in a new corporation named "Geniebooks", which now ceases to exist.
 {¶ 6} This corporation secured financing from Appellee Creative Capital Leasing through an equipment lease arrangement which required personal guarantees from the stockholders of Geniebooks, including Appellant.
 {¶ 7} Various documents were signed by Appellant which allegedly included a mortgage on her residence, the validity of which Appellant disputed in her pleadings.
 {¶ 8} This action began on January 29, 2003, as a foreclosure on such mortgage due to a claimed default.
 {¶ 9} Appellant, as stated, contested such foreclosure.
 {¶ 10} Various pretrials and status conferences occurred.
 {¶ 11} Appellant, by her pleadings, admittedly filed a Chapter 7 bankruptcy which eliminated her personal debt obligation to Appellee.
 {¶ 12} However, prior to such Bankruptcy, on June 6, 2004, a status conference was scheduled by the court.
 {¶ 13} The attorney then representing Appellant, because of prior discussions as to bankruptcy and the inability to contact Appellant, apparently due to her illness, assumed, without verification that the Chapter 7 had been filed and did not attend the status conference, nor did Appellant.
 {¶ 14} The status conference notice, while not signed by Judge Spahr, bears a stamped copy of his name and the following statement:
 {¶ 15} "FAILURE TO APPEAR SHALL BE CAUSE FOR DISMISSAL OR DEFAULT"
 {¶ 16} Pursuant to such notice, without prior motion for default and in the absence of either Appellant or her counsel, the court entered the following judgment:
 {¶ 17} "This matter came before the Court for a pre-trial on July 28, 2004. Present were counsel for all parties except Defendant Joan Baker. After reviewing the record and the Court's prior orders in this case, the Court notes that Defendant Joan Baker was properly notified of the pre-trial through her attorney, and the attendance of Ms. Baker or her attorney was required at the pre-trial.
 {¶ 18} "It is therefore ordered that a Default Judgment is hereby entered in favor of Plaintiff Creative Capital Leasing Group and against Defendant Joan Baker on all claims in Plaintiff's Complaint;
 {¶ 19} It is Further Ordered that all counter-claims asserted by Defendant Joan Baker are hereby dismissed with prejudice; and
 {¶ 20} "It is Further Ordered that Plaintiff shall submit the appropriate Decree of Foreclosure and Order of Sale."
 {¶ 21} Appellant raises one Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 22} "I. THE TRIAL COURT'S [SIC] ERRED WHEN IT DENIED APPELLANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT FINDING THAT IT WAS `NOT WELL TAKEN'. SEE JUDGMENT ENTRY DATED SEPTEMBER 23, 2005."
 I. {¶ 23} Addressing initially the issue raised in the Civ.R. 60(B) motion as to a mistake in the granting of the default judgment, we fail to find anything in the local rules of the Court of Common Pleas of Licking County providing for judgment in the event of non-appearance at a pretrial hearing.
 {¶ 24} While a judgment entry providing for such action in the event of non-appearance may be appropriate with proper notice, not only was the notice issued in this case not a judgment entry, as it bore no judicial signature but only a notice issued on behalf of the judge, no opportunity to respond to the default was provided.
 {¶ 25} The Ohio Supreme Court in Perotti v. Ferguson
(1983), 7 Ohio St.3d 1, a case in which there existed a local rule of the Court of Common Pleas of Lucas County providing for dismissal for non-appearance at a pretrial stated:
 {¶ 26} "Under these rules, there is no doubt that a trial court may, sua sponte, dismiss an action for non-appearance at a pre-trial conference. Cf. Pembaur v. Leis (1982),1 Ohio St.3d 89, 437 N.E.2d 1199. As an indispensable prerequisite to the dismissal, however, the plain language of Civ.R. 41(B)(1) requires that plaintiff's counsel be given notice of the intended dismissal. Correspondingly, Licking County Local Rule VII4(h), by incorporating Civ.R. 41(B)(1), also mandates a predismissal notice.
 {¶ 27} "This court's holding today, that before a trial court may dismiss a case with prejudice for failure to appear at a pre-trial conference in accordance with a local court rule, notice of the dismissal must be given to plaintiff's counsel pursuant to the provisions of Civ.R. 41(B)(1), is in accordance with the spirit of Civ.R. 41(B)(1). As noted in McCormac, Ohio Civil Rules Practice (1983 Cum.Supp.) 118, Section 13.07, the purpose of this notice requirement is to give a party an opportunity to obey the order. Indeed, upon notification of the intended dismissal, appellant could have corrected the defect, proceeded with the action, or dismissed the action voluntarily, this dismissal being without prejudice. More fully, McCormac
states as follows:
 {¶ 28} "`The correct procedure on the part of the court would be to give immediate notice to plaintiff's counsel of his intention to dismiss with prejudice for failure to obey the order of court and to then so dismiss if the order was still not obeyed.'
 {¶ 29} "Not only does this holding embrace the spirit of Civ.R. 41(B)(1), but it also reflects a basic tenet of Ohio jurisprudence that cases should be decided on their merits. See,e.g., Maritime Manufacturers, Inc. v. Hi-Skipper Marina (1982),70 Ohio St.2d 257, 436 N.E.2d 1034 [24 O.O.3d 344]; DeHart v.Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 192,431 N.E.2d 644 [23 O.O.3d 210]; Zuljevic v. Midland-Ross (1980),62 Ohio St.2d 116, 119, 403 N.E.2d 986 [16 O.O.3d 140]."
 {¶ 30} The ruling in such case was followed by this Court inBank One of Mansfield v. Walker, 5th Dist. App. No. 03-CA-08, 2003-Ohio-2707, (not reported in N.E. 2d).
 {¶ 31} "Civ. R. 41(B)(1) provides that where the plaintiff fails to prosecute, or to comply with the Civil Rules or any court order, the court may, after notice to the plaintiff's counsel, dismiss an action or claim. The notice requirement of Civ. R. 41 is an absolute prerequisite to dismissal for failure to prosecute. Moore v. Emmanuel Family Training Ctr. (1985),18 Ohio St.3d 64, 479 N.E.2d 879. A trial court must give notice of dismissal to plaintiff's counsel before it dismisses a case with prejudice for failure to appear at a pre-trial conference.Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 454 N.E.2d 951. Such notice permits a plaintiff an opportunity to comply with the order, correct the defect, or proceed before dismissal. Id. at 3, 454 N.E.2d 951."
 {¶ 32} See also, Zils v. Hinton (July 12, 2000), Stark App. No. 2000CA00095.
 {¶ 33} So, in this case, a local court rule is absent as to authorization for the action taken, no judgment entry providing for such was issued, and no opportunity to respond was provided. Therefore, we find that the default judgment was issued incorrectly. We are also concerned that the court may have accepted the balance due without evidence, since Appellant had disputed the balance, claiming credits were not granted, but we are not required to review this claim.
 {¶ 34} We therefore sustain the sole Assignment of Error and remand this cause for further proceedings.
Boggins, J. Farmer, J. concurs Hoffman, P.J., dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is reversed and remanded. Costs assessed to appellee.