[Cite as *Jones v. All Tune & Lube*, 2011-Ohio-6432.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96674**

## CYRUS JONES

PLAINTIFF-APPELLANT

vs.

## ALL TUNE & LUBE, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**REVERSED AND REMANDED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-712827

**BEFORE:** Stewart, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** December 15, 2011

**FOR APPELLANT**

Cyrus Jones, pro se
9904 Prince Avenue
Cleveland, OH    44105

**ATTORNEY FOR APPELLEES**

John J. Montello
Melling, Harding & Montello
303 Columbus Road
Bedford, OH    44146

MELODY J. STEWART, P.J.:

{¶ 1}    Plaintiff-appellant, Cyrus Jones, appeals from the trial court's granting of an oral motion to dismiss with prejudice his automotive service contract dispute with defendants-appellees, All Tune & Lube and manager Anwer Latis.   Jones claims that the court dismissed his case because he failed to produce an expert witness, a reason, he contends does not justify dismissal, and Jones also complains that due process was denied since no meaningful discovery was conducted.   For the reasons that follow, we reverse and remand.

{¶ 2}    Documents contained in the record reflect the following facts.

{¶ 3}    In October 2007, Jones had a 1997 Mazda Protegé DX with 74,755 miles towed to All Tune & Lube's Bedford, Ohio facility to diagnose several mechanical problems.   Jones states that, as an initial matter, he sought a determination as to why the vehicle's "check engine light" was activated.   Latis noted that the vehicle's transmission

would not shift into gear and advised Jones that he first needed to make sure that the engine was running properly prior to addressing the transmission problem. Jones deposited $500 with Latis to begin repairs.

{¶ 4} Latis replaced the fuel pump and spark plugs, and the "check engine light" on the dashboard deactivated. Latis informed Jones that the engine was running well, and then received Jones's permission to replace the alternator assembly and belt, and to repair the vehicle's brakes and transmission. Jones told Latis that he was unwilling to spend any more money beyond these stated repairs, and Latis assured him that no other repairs would be needed for the vehicle to run efficiently.

{¶ 5} Jones received a call on November 8, 2007 stating that the repairs had been completed. He proceeded to All Tune & Lube to pay for the repairs and get the vehicle. The record contains an All Tune & Lube invoice no. 18517 dated November 8, 2007, indicating that: (1) the repairs were originally estimated to be $1,892.47; (2) the current estimate and balance due was $2,624.15; and (3) Jones paid Latis the balance due.

{¶ 6} Jones left All Tune & Lube and experienced a breakdown shortly thereafter. He had the vehicle towed back to the facility, where it was then discovered that the engine block was cracked in two places. Latis also found that the engine was badly leaking oil and had a loud knocking noise. Latis then told Jones that it would cost an additional $800 to repair the vehicle, but Jones refused these services and requested a refund of the money he had previously given Latis.

**{¶ 7}** Jones filed a complaint against All Tune & Lube on January 2, 2008, with the office of the Ohio Attorney General, alleging that he was misled in order to "run up the bill." Latis, on behalf of All Tune & Lube, responded to the complaint on March 6, 2008, and contended that the vehicle was running well when Jones left All Tune & Lube, and that the engine was not knocking, smoking, or leaking oil. Latis opined that the vehicle would not have started if it had a cracked engine block and, therefore, the breakdown occurred after Jones left the garage and was probably due to lack of maintenance. Latis also claimed that his diagnosis was verified by a Mazda Dealer Service Center.

**{¶ 8}** Jones filed a pro se complaint[1] on December 14, 2009, against All Tune & Lube and Latis demanding compensatory and punitive damages. Jones's complaint alleges that Latis assured him that he would have "a reasonably functionable [sic] automobile" after the repairs were completed and that his damages stemmed from Latis's "erroneous accessment [sic] of those repairs minimally needed for [p]laintiff's vehicle to function reasonably ***." Jones also consulted with and compiled a list of auto mechanics who believed that the vehicle would start in spite of a cracked engine block.

---

[1]Although Jones's complaint is unclear as to his theory of recovery, Ohio courts have recognized causes of action in cases involving automobile repairs under theories of both tort and contract. See, e.g., *Peters v. Automotive Intl*. (Feb. 19, 1987), 7th Dist. No. 85-B-7 (breach of an express warranty); *Zupan v. P.C.S. Automotive, Inc*., 8th Dist. No. 94059, 2010-Ohio-3322 (theories of breach of contract and negligence); *Landon v. Lee Motors, Inc*. (1954), 161 Ohio St. 82, 118 N.E.2d 147 (negligence); *State Farm Mut. Auto. Ins. Co. v. Kia Motors Am., Inc*., 160 Ohio App.3d 727, 2005-Ohio-2222, 828 N.E.2d 701 (negligence); *Pep Boys v. Vaughn*, 10th Dist. No. 04AP-1221, 2006-Ohio-698 (negligence); see, also, Ohio Consumer's Protection Act R.C. 1345 et. seq.

**{¶ 9}** On February 27, 2010, the trial court made an entry in the case docket noting that the "discovery schedule, amount in controversy, exchange of expert reports, ***" would be resolved at a case management conference. A case management conference was held on March 30, 2010, where the court ordered Jones to present the defendant with a settlement demand.

**{¶ 10}** A journal entry dated September 1, 2010, revealed that the court converted the upcoming bench trial into an arbitration hearing, and also stated, in pertinent part: "All discovery is complete ***. No further pleadings, motions, discovery or delays permitted."

**{¶ 11}** On September 21, 2010, the arbitrators made no finding on the merits of the case, but entered judgment for All Tune & Lube and Latis after determining that Jones was not the titled owner of the vehicle.[2] Jones timely appealed the arbitrator's decision to the trial court and alleged that he was a contracting party pursuant to common law and statute. Jones additionally presented an affidavit from his fiancée delegating full authority to him to manage repair efforts to the vehicle. The arbitration decree was vacated, and the case was reinstated to the court's docket.

**{¶ 12}** A bench trial was held on March 15, 2011, and after opening statements were made, the trial court granted the defendant's oral motion to dismiss the case with prejudice. Jones timely appealed to this court.

---

[2] But, see, *Bridge v. Midas Auto Experts # 322,* 8th Dist. No. 94115, 2010-Ohio-4681, ¶10 (plaintiff can recover for property damage to a vehicle without producing a certificate of title).

**{¶ 13}** In his first assignment of error, Jones argues that the trial court erred in dismissing his complaint with prejudice because he failed to produce an expert witness. The appellees did not file a brief or appear for oral argument.

**{¶ 14}** Pursuant to Civ.R. 41(B)(1), if a "plaintiff fails to prosecute, or comply with [the civil] rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." "Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41(B)(1)." *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128, 1995-Ohio-225, 647 N.E.2d 1361. "[F]or purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice *** when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut, Inc. v. Ford Motor Co.* (1997), 80 Ohio St.3d 46, 49, 684 N.E.2d 319. While "[t]his court has generally adopted the view that notice of a judge's intent to dismiss under Civ.R. 41(B)(1) may be implied when reasonable under the circumstances." *** [It is nevertheless] "reluctant to imply notice in circumstances that result in a dismissal with prejudice." *Whitaker v. Yelsky* (Dec. 14, 2000), 8th Dist. No. 77063, at 2-3.

**{¶ 15}** A trial court's dismissal of an action pursuant to Civ.R. 41(B)(1) will not be overturned on appeal absent an abuse of discretion. *Badri v. Averbach*, 8th Dist. No. 86661, 2006-Ohio-3602, ¶9, citing *Ina v. George Fraam & Sons, Inc.* (1993), 85 Ohio App.3d 229, 231, 619 N.E.2d 501. The abuse of discretion standard "is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's

merits." *Jones v. Hartranft*, 78 Ohio St.3d 368, 372, 1997-Ohio-203, 678 N.E.2d 530. An abuse of discretion is more than a mere error in judgment but connotes an attitude that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶ 16} Civ.R. 41(B)(2) provides, in pertinent part, that "[a]fter the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant *** may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." In *Natl. City Bank v. Fleming* (1981), 2 Ohio App.3d 50, 55, 440 N.E.2d 590, the appellant argued that the trial court erred when it overruled his motion for judgment on the pleadings made after opening statements. In this case, the court ruled that "[a] motion to dismiss made at the close of a claimant's opening statement in a nonjury action is premature."

{¶ 17} In the case at bar, a journal entry dated March 16, 2011 states that the "court granted defendant's oral motion to dismiss made at the end of opening statements." Neither the grounds for the oral motion nor the trial court's reasoning for granting the motion are in the record. And while Jones alleges that the case was dismissed due to his failure to provide an expert witness[3] to "authenticate that said engine block crack at issue

---

[3]If the reason for dismissal is as Jones states, we note that "expert testimony is not required in a negligence action involving conduct within the common knowledge and experience of [the trier of facts]." *Czarney v. Porter*, 166 Ohio App.3d 830, 2006-Ohio-2471, 853 N.E.2d 692, ¶ 26; see, e.g., *Zupan v. P.C.S. Automotive, Inc.*, 8th Dist. No. 94059, 2010-Ohio-3322 (complaint alleging breach of contract and negligence for automotive repairs resolved without expert testimony); *State Farm Mut. Auto. Ins. Co. v. Kia Motors Am., Inc.*, 160 Ohio App.3d 727, 2005-Ohio-2222, 828 N.E.2d 701 (expert witness testimony not required to establish an automobile mechanic's standard of care in suit for negligence); *Peters v. Automotive Intl.* (Feb. 19, 1987), 7th Dist. No. 85-B-7 (complaint involving automotive mechanical work decided without expert testimony); but, c.f., *Pep Boys v. Vaughn*, 10th Dist. No. 04AP-1221, 2006-Ohio-698 (expert witness testimony utilized in negligence action regarding inspection of a car

would not have prevented said vehicle from starting up and, moreover, driving for some distance," we find that the trial court erred in dismissing the case because its ruling was premature.

{¶ 18} Furthermore, it is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits." *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3, 454 N.E.2d 951. In *Whitaker,* 8th Dist. No. 77063, at 3, this court recognized dismissals with prejudice to be a "drastic remedy." In analyzing the conduct of the plaintiff, this court noted that "[a]lthough he has displayed a distinct lack of competence in prosecuting this action, [plaintiff] has not shown the type of deliberate disregard for court orders and rules that we have found necessary to sustain a dismissal with prejudice on implied notice. He should be allowed at least some opportunity to correct his failures before having his case finally dismissed." Id. at 4.

{¶ 19} Jones's first assignment of error is sustained.

{¶ 20} In his second assignment of error, Jones contends that his due process rights were violated because he was not allowed to engage in "meaningful discovery." He complains that the trial court's referral of the matter to arbitration adversely affected his ability to conduct meaningful discovery, and prevented him from securing an admission from All Tune & Lube that a vehicle is able to start and run in spite of a cracked engine block.

---

along with review of work orders and invoices).

{¶ 21} Civ.R. 16 governs pretrial procedure and states, in pertinent part: "[i]n any action, the court may schedule one or more conferences before trial to accomplish *** (8) [t]he timing, methods of search and production, and the limitations, if any, to be applied to the discovery of documents and electronically stored information." Furthermore, Cuyahoga County Common Pleas Court, General Division Loc.R. 21 states: "[f]or the purpose of insuring the readiness of cases for pretrial and trial, the following procedure shall be in effect. Within ninety (90) days after suit is filed, the case shall be set by the Court for a case management conference to establish case management procedures to prepare the case for an effective final pretrial. At that time the Court will take appropriate action on the service, leaves to plead, time limitations for discovery, scheduling a date for the pretrial hearing and any other steps warranted under the circumstances."

{¶ 22} In *Walker v. Sims Bros. Buick, Inc.* (Dec. 7, 1995), 8th Dist. No. 68777, the appellant complained that her rights to due process were denied since she was not allowed to conduct meaningful discovery. This court found "the allegation that appellant was somehow deprived of discovery *** [was] not supported by the record [since] [t]he deadline for discovery and dispositive motion filings was on the record." Id. at 3.

{¶ 23} In the case at bar, the trial court held a case management conference on March 30, 2010. There, it set a schedule for discovery and journalized the same. A September 1, 2010 court journal entry indicates that "all discovery is complete [and that] no further pleadings, motions, discovery or delays [would be] permitted." The record

does not reflect that Jones made any attempt to conduct discovery prior to the dismissal of his case. Also, he did not file any motions for extension of time or for continuance to conduct discovery. We therefore overrule Jones's second assignment of error.

**{¶ 24}** Because we find merit to appellant's first assigned error, this cause is reversed and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover of appellees his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR