**John Darwin Ellison, Appellant, v. Terzie K. Ward et al., Appellees.**

Opinion filed June 3, 1937.

D. F. Moore, of Benton, and Henry T. Martin, of Chicago, for appellant.

Roy C. Martin, Layman & Johnson, Williams & Harrison, William H. Hart and Hickman & Hickman, all of Benton, for appellees; Moses Pulverman, of counsel.

Mr. Justice Edwards delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Franklin county dismissing a suit brought by John Darwin Ellison, a minor, by his mother and next friend, against Terzie K. Ward, trustee of the estate of Robert R. Ward, deceased, et al. The reason for the dismissal was the failure of plaintiff to file a cost bond within the time limited by rule of the trial court. Complaint is also made that the chancellor erred in denying plaintiff's motion for leave to file an amended and supplemental bill. Defendants have moved to dismiss the appeal, and have filed suggestions in support of same, to which plaintiff has answered by counter-suggestions. The basis of the motion to dismiss is that the record on appeal was not filed in this court in apt time.

Notice of appeal was filed in the trial court on August 11, 1936, and the record was filed in this court on October 23, 1936. Number 36 of the Rules adopted by the Supreme Court, to supplement the Civil Practice Act, among other things provides that when the praecipe filed in the lower court, following the filing of notice of appeal, does not specify any proceedings at the trial, the record on appeal shall be transmitted to the reviewing court not more than 30 days after notice of appeal has been filed, and that when the praecipe does specify any such proceedings at the trial, the record shall be transmitted to the reviewing court not more than 30 days after the report of proceedings has

been filed in the trial court; such report to be filed in the trial court within 60 days after filing the notice of appeal. The praecipe herein specified a report of proceedings had before the trial court.

Defendants' contention is that the nature of the matters heard in the trial court was such that the action of the court could be fully ascertained and understood by the records and files of the court, and that a report of proceedings was neither necessary nor proper, and that by filing a praecipe so specifying a report of proceedings, where one was not requisite, the party appealing could not extend the time for filing transcript in the Appellate Court beyond the 30 days after the notice of appeal was filed.

Whether or not, in this particular case, a report of proceedings was requiste or proper, we do not find it necessary to decide, for the reason that upon the record as made, relative to the motion to dismiss the appeal, we do not think defendants are in a position to raise the question.

It appears that there was considerable controversy between counsel as to the need for reports of the proceedings and hearings had before Judge Pearce relative thereto. On July 24, 1936, counsel for defendants wrote to the attorney for plaintiff as follows: "It is difficult to understand or follow your theory in presenting 'a proposed report of proceedings' which leaves out the essential matters on which this case turned in the trial court and will necessarily turn in the higher courts. Of course we cannot approve or O. K. a report which does not show or purport to show the proceedings."

On September 22, 1936, plaintiff's attorney left at the office of one of defendants' counsel the proposed transcript of the record, and the reports of proceedings had before the trial court on July 3, 1936, March 7, 1936, May 18, 1936, and June 19, 1936.

On September 25, 1936, defendants' counsel wrote to the attorney for plaintiff a six-page typewritten letter, setting forth many objections thereto; in the course of which letter defendants' counsel stated: "Accordingly we have heretofore insisted, and shall continue to insist, before both Judge Hill and Judge Pearce, that no report of proceedings on May 18, 1936, or June 19, 1936, be signed by the judge or judges which does not fairly and truthfully set out what actually happened before each of those judges and the rulings which each of those judges actually made." Also, in the same epistle, defendants' counsel further stated: "In conclusion we repeat once more our frequent statement to you that we are now and have at all times been ready and willing to O. K. a proper, fair and true record of this case, and a proper, true and correct report of proceedings, but we can only reject and refuse to approve the improper and untrue report which you have submitted to date, as to the May 18th and June 19th proceedings."

On October 6, 1936, reports of proceedings had before each, were respectively signed and certified to as correct by Judge Hill and Judge Pearce, and filed in the office of the clerk of this court on October 23, 1936.

It thus appears that defendants, until the filing of this motion to dismiss, were insisting that the transcript include all of the proceedings had before both judges, and that same be shown fully and completely. If the inclusion of the report of proceedings in the transcript was an error, it was one which was consented to by defendants, if not induced by their demands. We understand the rule to be that a party who by demands or conduct procures another to commit an irregularity in judicial procedure, is estopped to take advantage of the result which flows from his own actions. *Lederbrand v. Pickrell,* 167 Ill. 624. We think the conduct of defendants precludes them from insist-

ing upon grounds raised in their motion to dismiss, and that the prayer of such motion should be denied.

The motion of defendants to dismiss the appeal is overruled. Defendants are ruled to file statement, brief and argument within 15 days of the filing of this opinion.

*Motion overruled.*