[Cite as *Huth v. Kus*, 2015-Ohio-3457.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IRVIN W. HUTH, et al.

       Plaintiffs-Appellants

-vs-

TAMA KUS, Administrator of the Estate
of BRYON L. HOLBROOK

       Defendant-Appellee

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. Sheila G. Farmer, J.
Hon. John W. Wise, J.

Case Nos. 2014 AP 10 0041
     and 2014 AP 10 0052

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 2014 VR 08 0506 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 25, 2015 |

APPEARANCES:

For Plaintiffs-Appellants

MICHELA HUTH
257 Canal Street
Post Office Box 673
Bolivar, Ohio 44612

For Defendant-Appellee

GREG A. BECK
BAKER, DUBIKAR, BECK,
WILEY & MATHEWS
400 South Main Street
North Canton, Ohio 44720

*Wise, J.*

{¶1}.    Appellants Irvin W. and Kay V. Huth appeal the decisions of the Court of Common Pleas, Tuscarawas County, which, in a replevin action, granted a motion for judgment on the pleadings in favor of Defendant-Appellee Tama Kus, Administrator of the Estate of Bryon Holbrook, and subsequently denied appellants' motion for relief from judgment. The relevant facts leading to this consolidated appeal are as follows.

{¶2}.    According to appellants, in March 2014 they entered into a written contract with Bryon L. Holbrook whereby they loaned him $25,000.00 and in exchange were given a security interest in certain items of personal property owned by Holbrook and/or his two companies, HES Group, Inc. and Diamond Dustless Blasting. Appellants also have alleged that they entered into a verbal agreement with Holbrook whereby they loaned him an additional $29,500.00, unsecured.

{¶3}.    Holbrook died intestate on or about July 16, 2014. On or about August 5, 2014, his estate administration was opened in the Tuscarawas County Probate Court under case number 2014 ES 57826.

{¶4}.    On August 14, 2014, appellants filed two creditors' notices of claim in the probate case, pursuant to R.C. 2117.06.

{¶5}.    On August 18, 2014, appellants also filed a "complaint in replevin and motion for order of possession" (R.C. 2737.03) in the Tuscarawas County Court of Common Pleas against Appellee Tama Kus, as the administrator of the Bryon L. Holbrook estate.

{¶6}.    On August 27, 2014, appellee filed an answer and a Civ.R. 12(C) motion for judgment on the pleadings.

**{¶7}.** Appellants filed a memorandum in opposition to appellee's 12(C) motion on September 4, 2014. Appellee filed a reply memorandum on September 8, 2014.

**{¶8}.** In the meantime, in the probate proceedings, appellants' claims against Holbrook's estate were rejected by appellee on September 7, 2014, with said rejection notices being filed with the probate court on September 9, 2014.

**{¶9}.** The trial court, i.e., common pleas court, on September 8, 2014, conducted a non-oral consideration of the issue of judgment on the pleadings.

**{¶10}.** However, two days later, on September 10, 2014, appellants filed a supplement to their memorandum in opposition, chiefly notifying the trial court that appellee, as the administrator in the probate case, had rejected their claims against the estate.

**{¶11}.** On September 12, 2014, the trial court nonetheless issued a six-page judgment entry dismissing appellants' replevin action, concluding *inter alia* that "replevin is not appropriate under the complaint, its supporting documents, and answer, and Ohio law."

**{¶12}.** Appellants filed a notice of appeal on October 14, 2014. They herein raise the following sole Assignment of Error under appellate case number 2014AP100041:

**{¶13}.** "I. THE COURT OF COMMON PLEAS ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED DEFENDANT'S/APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS."

**{¶14}.** On September 22, 2014, shortly after the trial court had dismissed appellants' replevin action under Civ.R. 12(C), appellants filed a motion for relief from

judgment under Civ.R. 60(B). After both sides had provided written arguments to the trial court, the motion was denied on November 13, 2014.

{¶15}. Appellants, on December 12, 2014, filed a separate notice of appeal of the denial of their 60(B) motion. They herein raise the following sole Assignment of Error under appellate case number 2014AP100052:

{¶16}. "I. THE COURT OF COMMON PLEAS ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANTS' 60(B) MOTION FOR RELIEF FROM JUDGMENT."

{¶17}. We will address both assigned errors in the following consolidated opinion.

*Case Number 2014AP100041*

I.

{¶18}. In their sole Assignment of Error, appellants contend the trial court erroneously granted appellee's motion for judgment on the pleadings. We disagree.

{¶19}. Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

{¶20}. Pursuant to Civ.R. 12(C), dismissal is only appropriate "where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931, 936. The very nature of a Civ.R. 12(C) motion is specifically designed for resolving solely questions of law. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161,

166 63 O.O.2d 262, 264, 297 N.E.2d 113, 117. Reviewing courts will reverse a judgment on the pleadings if plaintiffs can prove any set of facts that would entitle them to relief. *State ex rel. Gorgievski v. Massillon*, 5th Dist. Stark No. 2008 CA 00239, 2009-Ohio-4533, ¶ 16 (additional citations omitted). The review will be done independent of the trial court's analysis to determine whether the moving party was entitled to judgment as a matter of law. *Id.*

{¶21}. Appellant's argument centers on the impact of the "rejected claims" aspect of R.C. 2117.12, which states in pertinent part as follows:

{¶22}. "When a claim against an estate has been rejected in whole or in part but not referred to referees, **** the claimant must *commence* an action on the claim, or that part of the claim that was rejected, within two months *after* the rejection if the debt or that part of the debt that was rejected is then due, or within two months after that debt or part of the debt that was rejected becomes due, or be forever barred from maintaining an action on the claim or part of the claim that was rejected. *** "

{¶23}. (Emphases added).

{¶24}. Appellants maintain that under the procedural circumstances of the case *sub judice*, even though their replevin action in the common pleas court predated the rejection of their claims against Holbrook's estate in the probate action, once the claims were rejected by appellee-administrator on September 9, 2014, the replevin suit was properly before the common pleas court. *See Ward v. Patrizi,* 11th Dist. Geauga No. 2010-G-2994, 2011-Ohio-5100, ¶ 19 (stating that the only remedy when a claim is rejected by an estate is an action in a court of general jurisdiction).

{¶25}. However, we have long relied on the maxim that an appellate court must generally presume the General Assembly means what it says; thus, we cannot amend statutes to provide what we consider a more logical result. *See*, *e.g.*, *Tuscarawas County CSEA v. Burger*, 5th Dist. Tuscarawas Nos. 2000AP120093, *et al.*, 2001-Ohio-1440, citing *State v. Virasayachack* (2000), 138 Ohio App.3d 570, 574. A plain reading of R.C. 2117.12 makes no provision for a creditor to prematurely file a lawsuit in the civil division of a common pleas court (or other forum outside of probate) to recover from a deceased alleged debtor's estate and then utilize a subsequent estate claim rejection to cure the procedural defect. As such, we find no reversible error in the trial court's granting of judgment on the pleadings in favor of appellee under the facts and circumstances presented.

{¶26}. We note appellee, in response, partially takes a different tack by arguing that the "estate's rejection of appellants' claims is irrelevant to the determination of the instant action." Appellee's Brief at 10. In essence, appellee maintains that appellants do not have an ownership or possessory interest in the identified property, but are merely alleged creditors of Holbrook's estate, and that a follow-up replevin action by such creditors is not contemplated by R.C. 2117.12. However, appellants advise us that they have filed another common pleas complaint in replevin effective November 10, 2014, due to the trial court's dismissal in the case sub judice (*see* Appellant's Reply Brief at 7). Based on our foregoing conclusions, we find appellee's responsive argument is academic at this juncture and will have to await another day for review.

{¶27}. We hold appellants' complaint in replevin in the Tuscarawas County Common Pleas Court was properly dismissed by the trial court for the reasons stated herein. Appellants' sole Assignment of Error in case number 14AP100041 is overruled.

*Case Number 2014AP100052*

I.

{¶28}. In their sole Assignment of Error, appellants contend the trial court erred in denying their motion for relief from judgment. We disagree.

{¶29}. Civ.R. 60(B) reads as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

{¶30}. "(1)  mistake, inadvertence, surprise or excusable neglect;

{¶31}. "(2)  newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

{¶32}. "(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

{¶33}. "(4)  the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

{¶34}. "(5)  any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *."

{¶35}. In order to prevail on a motion brought pursuant to Civ.R. 60(B), " * * * the movant must demonstrate that (1) the party has a meritorious defense or claim to

present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken." *Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. *Argo* at 391, 474 N.E.2d 328.

{¶36}. A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶37}. In the case sub judice, appellants alleged in part that relief from judgment was warranted under Civ.R. 60(B) because appellee had committed fraud upon the trial court by not immediately informing the court that appellants claims had been rejected in the probate action on September 9, 2014, subsequent to the filing of appellants' replevin complaint against Holbrook's estate. However, as we discussed earlier, under R.C. 2117.12, the presentment and rejection of a claim against an estate are conditions precedent to filing a lawsuit pertaining to the rejected claim. We find appellants' procedural approach in the common pleas court, i.e., the premature replevin complaint, attempted to circumvent the proper statutory procedure. Accordingly, we hold the trial

court did not abuse its discretion or commit reversible error in denying appellant's Civ.R. 60(B) motion regarding the judgment entry of dismissal of their replevin action. Appellants' sole Assignment of Error in case number 14AP100052 is overruled.

## *Conclusion*

{¶38}. For the reasons stated in the foregoing opinion, the September 12, 2014 and November 13, 2014 judgments of the Court of Common Pleas, Tuscarawas County, Ohio, are hereby affirmed.


By: Wise, J.

Farmer, J., concurs

Hoffman, P. J., concurs in part and dissents in part.

*Hoffman, P.J., concurring in part and dissenting in part*

{¶39} I concur in the majority's analysis and disposition of Appellant's assignment of error in Case No. 2014 AP 10 0041. And, while I concur in the majority's analysis of Appellant's assignment of error in Case No. 2014 AP 10 0052, I respectfully dissent from its disposition. I would vacate the trial court's ruling on Appellant's Civ.R. 60(B) motion for relief from judgment because I find the trial court had no jurisdiction to rule thereon while the appeal in Case No. 2014 AP 10 0041 was pending.

JWW/d 0804