[Cite as *In re M.H.*, 2017-Ohio-1110.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN RE:<br><br>    M.H. and<br><br>    S.H. | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J.<br><br>Case Nos. 2016 CA 43 and<br>             2016 CA 44<br><br>O P I N I O N |

|  |  |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. 2015 AB 54 and 2015 AB 55 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 27, 2017 |

APPEARANCES:

| For Appellant Mother | For Appellee Fairfield CPS |
|---|---|
| KELSEY A. RONALD<br>CONRAD/WOOD LAW<br>120 East Main Street<br>Suite 200<br>Lancaster, Ohio 43130 | KYLE WITT<br>PROSECUTING ATTORNEY<br>DAVID K. H. SILWANI<br>ASSISTANT PROSECUTOR<br>239 West Main Street, Suite 101<br>Lancaster, Ohio 43130 |

*Wise, John, J.*

{¶1}    Appellant Wanda Hill appeals the decision of the Fairfield County Court of Common Pleas, Juvenile Division, which granted permanent custody of her two minor children to Fairfield County Child Protective Services ("FCCPS"). The relevant facts leading to this appeal are as follows.

{¶2}    Two children are at issue in this appeal: M.H., born in 2001, and S.H., born in 2003. Appellant Wanda Hill is the mother of both children. Their father is Bronson Hill. He is not a party to the present appeal, and he did not appear at the permanent custody trial below.

{¶3}    Both children were placed with FCCPS on March 18, 2015 pursuant to an order from M.H.'s delinquency case. In addition, FCCPS received referrals including allegations of methamphetamine manufacturing in the home and school truancy. The agency filed dependency actions on April 20, 2015. The trial court found both children to be dependent on July 17, 2015, and the court maintained temporary custody to FCCPS at that time.

{¶4}    The agency's chief concerns with appellant-mother have been (1) her drug and alcohol abuse, including heroin, (2) her financial and housing issues, and (3) her mental health issues.

{¶5}    On March 21, 2016, FCCPS filed a motion seeking permanent custody of both children. A permanent custody trial was conducted on June 15, 2016, before a magistrate. The magistrate heard testimony from appellant-mother, Talley Pratt of Pickaway Area Recovery Services, and FCCPS caseworker Danielle DiMatteo. The

guardian ad litem, Attorney Jessica Mongold, also issued a report recommending permanent custody to the agency.

{¶6} On August 5, 2016, the magistrate issued a detailed 19-page decision on both case numbers recommending permanent custody to the agency. Appellant filed a one-page objection thereto on August 19, 2016. Via a judgment entry issued on October 13, 2016, the trial court overruled the objection for want of compliance with the requirements of Civ.R. 53 and Juv.R. 40, noting the objection's lack of specificity.

{¶7} On November 14, 2016, appellant filed notices of appeal, which this Court later consolidated. She herein raises the following two Assignments of Error:

{¶8} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING BY CLEAR AND CONVINCING EVIDENCE THAT IT WOULD BE IN THE BEST INTERESTS OF M.H. AND S.H. TO PERMANENTLY TERMINATE THE PARENTAL RIGHTS OF THEIR PARENTS AND THEM [SIC] IN THE PERMANENT CUSTODY OF FAIRFIELD COUNTY CHILD PROTECTIVE SERVICES.

{¶9} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND BY CLEAR AND CONVINCING EVIDENCE THAT M.H. AND S.H. COULD NOT BE PLACED WITH THEIR MOTHER WITHIN A REASONABLE TIME OR SHOULD NOT BE PLACED WITH THEIR MOTHER."

{¶10} We will address these assigned errors in reverse order.

II.

{¶11} In her Second Assignment of Error, appellant-mother contends the trial court erred in finding, as part of the grounds for awarding permanent custody of M.H. and

S.H. to the agency, that the children could not be placed with appellant within a reasonable time or should not be placed with her. We disagree.

**{¶12}** R.C. 2151.414(B)(1) states as follows:

**{¶13}** "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

**{¶14}** "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

**{¶15}** "(b) The child is abandoned.

**{¶16}** "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

**{¶17}** "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody

of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

**{¶18}** "(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

**{¶19}** "For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."[1]

**{¶20}** Furthermore, R.C. 2151.414(E) sets forth a list of sixteen predicate findings, one of which must be established prior to a judicial conclusion that a child cannot or should not be placed with the child's parent. *In re Calvert Children*, 5th Dist. Guernsey Nos. 05–CA–19, 05–CA–20, 2005-Ohio-5653, ¶ 41.

**{¶21}** As an initial matter, we point out the following language set forth by the trial court in the judgment entry under appeal, overruling appellant's objections to the magistrate decision:

As a preliminary matter, the Court finds that Mother's objection to the

Magistrate's Decision does not meet the specificity requirement (of

---

[1]  It is well-established that (B)(1)(a) and (B)(1)(d) are independently sufficient to use as a basis to grant an agency's motion for permanent custody. *See In re M.R.,* 3d Dist. Defiance No. 4–12–18, 2013–Ohio–1302, ¶ 80. In the case *sub judice*, the magistrate relied solely on (B)(1)(a). Our cursory look at the timeframes involved confirm the inapplicability of the "12 of 22" rule of (B)(1)(d).

objections) as set forth in Civil Rule 53(D)(3)(b)(ii) and Juvenile Rule 40 (D)(3)(b)(ii). Civ.R. 53 (D)(3)(b)(ii) and Juv.R. 40(D)(3)(b)(ii) provide that "an objection to a Magistrate's decision shall be specific and state with particularity all the grounds for objection." Objections must be more than indirectly addressed, they must be specific. When [an] objecting party fails to state an objection with particularity as required under the Civil Rules, the trial court may affirm the magistrate's decision without considering the merits of the objection.

Rather than a specific objection contemplated by Civil Rule 53 (D)(3)(b)(ii) and Juvenile Rule 40 (D)(3)(b)(ii), Mother raises the broad objection that the Magistrate's decision "went against the evidence presented" and that "there was substantial evidence presented that … shows she has reasonably completed her case plan …" as well as "evidence and testimony was presented that shows it is not contrary for either child to be reunified with Wanda Hill and it is not contrary to their welfare …". Mother requests that "the decision be modified and that custody be returned to her". The Court finds that Mother failed to state an objection with specificity.

**{¶22}** Judgment Entry, October 13, 2016, at 1 (internal case law citations omitted).

**{¶23}** Appellant's brief, while certainly thorough and well-referenced, does not address this salient determination by the trial court. We note Civ.R. 53(D)(3)(b)(iv) and Juv.R. 40(D)(3)(b)(iv) both state that "[e]xcept for a claim of plain error, a party shall not

assign as error on appeal the court's adoption of any factual finding or legal conclusion *** unless the party has objected to that finding or conclusion as required ***."

**{¶24}** As the trial court correctly stated, any objections to a magistrate's decision must be specific. *See North v. Murphy,* 5th Dist. Tuscarawas No. 2000AP050044, 2001 WL 246419. However, we have also recognized that an appellant's failure to specifically object to a magistrate's decision does not bar appellate review of "plain error." *See, e.g., Tormaschy v. Weiss*, 5th Dist. Richland No. 00 CA 01, 2000 WL 968685. To constitute plain error in a civil case, the error must be "obvious and prejudicial" and "if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings." *Friedland v. Djukic*, 191 Ohio App.3d 278, 2010-Ohio-5777, ¶ 37 (8th Dist.). We will herein proceed under a plain error standard of review.

**{¶25}** In the case *sub judice*, appellant maintains that at the time of the permanent custody trial she had maintained "relatively stable" housing since January 2016, and that she had completed the financial aspect of her case plan including obtaining disability benefits. She urges that she submitted to drug screens and engaged in counseling services under the case plan. R.C. 2151.414(E)(1). She also argues that she engaged in supervised visitation with the children and paid support for them during agency custody. R.C. 2151.414(E)(4). Appellant concedes that she recently spent time in jail (September 2015 to December 2015, according to the record), but she describes this as a "brief incarceration" period during which she visited with her children according to their requests. R.C. 2151.414(E)(13). She also points out that she has separated from the child's father, who has been convicted for corruption of a minor. R.C. 2151.414(E)(16). However, appellant downplays a number of negative facts, such as her admission to living

in seven different places since the time the children were removed (Tr. at 41) and Talley Pratt's testimony that appellant was in danger of termination from drug counseling due to missed appointments (Tr. at 86).

{¶26} Plain error analysis is limited and is to be applied with the utmost caution. *State v. Tart*, 8th Dist. Cuyahoga No. 76223, 2000 WL 739518. Under our present limited analysis, brought about by the lack of sufficiently detailed objections being placed in the hands of the juvenile court judge as envisioned by the rules of procedure, we are not persuaded upon review that the grant of permanent custody of M.H. and S.H., despite appellant's partial compliance with the case plan, equates to plain error.

{¶27} Appellant's Second Assignment of Error is overruled.

I.

{¶28} In her First Assignment of Error, appellant contends the trial court erred in concluding permanent custody of M.H. and S.H. would be in their best interests. We disagree.

{¶29} R.C. 2151.414(D)(1) states as follows:

{¶30} "In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

{¶31} "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶32} "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶33} "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

{¶34} "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶35} "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶36} "For the purposes of division (D)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."

{¶37} Appellant contends she maintained supervised visitation with M.H. and S.H. during the case and continues to have a bond with them. The two children have expressed a desire to be returned to appellant's custody. Tr. at 210. Appellant also argues that she has not had a lengthy history of involvement with children services and that none of the

factors in divisions (E)(7) to (11) are applicable to her case. However, given the caseworker's assessments of the children's need for a stable environment and the GAL recommendation of permanent custody, we hold the trial court's decision did not rise to the level of plain error.

**{¶38}** Appellant's First Assignment of Error is therefore overruled.

**{¶39}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is hereby affirmed.


By: Wise, John, J.

Wise, Earle, J., concurs.

Hoffman, P. J., concurs separately.


JWW/d 0309

*Hoffman, P.J., concurring,*

{¶40} I concur in the majority's disposition of this case. I do so on the basis the trial court did not abuse its discretion in granting Appellee permanent custody rather than applying the "plain error" standard of review.

{¶41} I find Appellant's objection to the magistrate's decision was sufficiently specific to warrant merit review by the trial court.[2] The objection challenged the ultimate legal conclusion reached by the magistrate as being against the weight of the evidence. I recognize the objection did not specifically challenge any particular finding of fact or specifically identify any evidentiary or procedural error. As a result, Appellant would be prohibited from arguing any such challenge(s) on appeal because it/they were not specifically raised in her objection. However, I do not believe such precludes the trial court's or this Court's review of her objection to the ultimate legal conclusion reached by the magistrate as being against the weight of the evidence.

---

[2] Appellant does not separately assign as error the trial court's finding she failed to state an objection with specificity.