[Cite as *In re Holbrook*, 2017-Ohio-4429.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. Patricia A. Delaney, P. J.<br>Hon. William B. Hoffman, J. |
| THE ESTATE OF: | Hon. John W. Wise, J. |
| BRYON L. HOLBROOK | Case No. 2016 AP 10 0051 |
| Deceased | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
Pleas, Probate Division, Case No.  2014 ES
57826


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      June 19, 2017


APPEARANCES:

For Appellants                                For Appellee

MICHELA HUTH                        GREG BECK
Post Office Box 17                      ANDREA K. ZIARKO
Bolivar, Ohio  44612                   400 South Main Street
                                                North Canton, Ohio  44720

*Wise, John, J.*

**{¶1}**　Appellants Irvin Huth, Kay Huth, and Michela Huth appeal the decision of the Court of Common Pleas, Probate Division, Tuscarawas County, which denied their motion to vacate judgment regarding attorney fees in favor of Defendant–Appellee Tama Kus, Administrator of the Estate of Bryon Holbrook, and subsequently denied appellants' request to supplement their earlier objection to the underlying magistrate's decision.[1] The relevant facts leading to this appeal are as follows.

**{¶2}**　Bryon Holbrook died intestate in July 2014. On August 6, 2014, his estate administration was opened in the Tuscarawas County Probate Court (case number 2014 ES 57826). Bryon's mother, Appellee Tama Kus, became the administrator of his estate.

**{¶3}**　On August 12, 2014, Appellee Kus filed a concealment action under R.C. 2109.50 against Michela Huth. On September 15, 2014, Kus filed an amended complaint adding alleged estate creditors Kay Huth and Irvin Huth.[2] On October 13, 2015, the probate court magistrate, in a twenty-nine page decision, found *inter alia* Irvin Huth and Michela Huth guilty of wrongful possession of items of the Holbrook Estate, including a 2013 Silverado pickup truck. The magistrate made these two parties liable for attorney fees, to be determined by the probate court upon approval and adoption of the magistrate's decision.

---

[1]　Appellant Michela Huth, an attorney, was the decedent's girlfriend. Appellants Irvin Huth and Kay Huth are her parents. Attorney Huth appears to be both a party in the underlying action and acting as counsel for the three appellants herein.

[2]　Additional litigation has taken place between the parties, both in the general division and the probate division of the common pleas court. *See, e.g., Huth v. Kus*, 5th Dist. Tuscarawas Nos. 2014 AP 10 0041, 2014 AP 10 0052, 2015-Ohio-3457. We find a full recitation of this history of the dispute is not necessary for our present analysis.

{¶4} On October 28, 2015, the probate court adopted the magistrate's decision.[3]

{¶5} On November 3, 2015, the court ordered the scheduling of an attorney fee hearing before the magistrate on November 30, 2015. A further hearing was necessitated on February 5, 2016.

{¶6} On March 1, 2016, the magistrate found *inter alia* that Appellee Kus should receive a total of $7,837.50 in attorney fees from Michela Huth, $1,972.50 of which would be a joint and several liability of Irvin Huth.

{¶7} On March 14, 2016, appellants objected to said magistrate's decision, therein informing the court that the objection would be supplemented upon the receipt of ordered transcripts. The objections of March 14, 2016 were cursory, with no specific objections listed therein.

{¶8} On April 18, 2016, appellants filed a motion for an extension of time to pay for the transcripts until June 22, 2016. The probate court granted the requested extension on April 22, 2016.

{¶9} On August 5, 2016, appellants' attorney, Michela Huth, was informed via email from the court reporter that the transcript of the attorney fee hearings was ready, and that additional monies ($219.50), above the estimated amount already paid ($750.00), were owed for completion of said transcript.

{¶10} On August 8, 2016, the court issued a judgment entry scheduling the hearing on appellants' objections for August 12, 2016 at 8:00 a.m.

---

[3] Appellants filed an objection to the magistrate's decision on October 29, 2015, but the probate court found it to be untimely via a judgment entry issued on the same day.

**{¶11}** Appellants claim they did not have notice of said objection hearing, which went forward as scheduled.

**{¶12}** On August 12, 2016, the probate court issued a judgment entry overruling appellants' objections and adopting the magistrate's decision of March 1, 2016, including the award of attorney fees in the amount of $7,837.50 against Appellant Michela Huth and $1,972.50 against Irvin Huth, using "joint and several liability" language.

**{¶13}** On August 22, 2016, appellants filed a motion to vacate the August 12, 2016 judgment entry, alleging that appellants did not have notice of the August 12, 2016 hearing.

**{¶14}** On August 30, 2016, the court issued a judgment entry implicitly denying appellants' motion to vacate, and ordering Attorney Huth to immediately pay the balance owed to the court transcriptionist in the amount of $219.50. The court further ruled that upon receipt of this balance, the transcript would be filed and the court would "then review the entire record, including the transcript, and make a new determination concerning the adoption of the Magistrate's Decision." The trial court also ruled that no further filings from either party concerning the objections would be entertained in making this decision.

**{¶15}** Appellants, on September 7, 2016, filed a motion for leave to supplement their objections, attaching therewith a five-page memorandum. Appellants therein again claimed that they had not received notice of the original objection hearing, and they requested leave to file written objections based upon the transcripts.

**{¶16}** On September 22, 2016, the probate court entered judgment denying appellants' request to submit written objections, and approved and adopted the magistrate's decision of March 1, 2016, which awarded attorney fees of 7,837.50 against

Appellant Michela Huth and $1,972.50 against Appellant Irvin Huth as a joint and several liability.

**{¶17}** On October 21, 2016, appellants filed a notice of appeal of the September 22, 2016 judgment entry. They herein raise the following two Assignments of Error:

**{¶18}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DEPRIVED THE APPELLANTS OF THEIR GUARANTEED DUE PROCESS UNDER THE LAW OF BOTH THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ART. I OF THE OHIO CONSTITUTION, BY ENTERING JUDGMENT AGAINST APPELLANTS WITHOUT NOTICE AND THE OPPORTUNITY TO BE HEARD.

**{¶19}** "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANTS AN OPPORTUNITY TO SUBMIT WRITTEN SUPPLEMENTAL OBJECTIONS TO THE MARCH 1, 2016 MAGISTRATE'S DECISION, PURSUANT TO OHIO RULES OF CIVIL PROCEDURE, R. 53."

I.

**{¶20}** In their First Assignment of Error, appellants contend the probate court erred and violated their due process rights by issuing its judgment entry of September 22, 2016, overruling appellants' objections to the magistrate decision, despite appellants' claimed lack of notice of the August 12, 2016 objection hearing. We disagree.

**{¶21}** It is well-established that magistrates are arms of their appointing courts, "which remain responsible to critically review and verify the work of the magistrates they appoint." *See Quick v. Kwiatkowski,* 2nd Dist. Montgomery No. 18620, 2001 WL 871406, citing *Normandy Place Associates v. Beyer,* 2 Ohio St.3d 102, 443 N.E.2d 161 (1982).

**{¶22}** Civ.R. 53(D)(4)(d) addresses court action on objections to magistrate's decisions. It states in pertinent part as follows: "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. * * * Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate."

**{¶23}** We have recognized that "[a]t a minimum, due process of law requires notice and opportunity for a hearing, that is, an opportunity to be heard." *Shell v. Shell,* 5th Dist. Stark No. 2010CA00026, 2010–Ohio–5813, ¶ 24, citing *Mathews v. Eldridge* (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18. In the due process context, reasonable notice means "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *PHH Mtge. Corp. v. Prater,* 133 Ohio St.3d 91, 2012-Ohio-3931, ¶ 9, quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

**{¶24}** In the case *sub judice*, as noted in our recitation of the facts, the probate court scheduled a hearing for August 12, 2016 on appellants' objections to the magistrate's decision awarding attorney fees. Although appellants subsequently asserted that Attorney Huth did not receive notice of said objection hearing, the matter went forward as scheduled without appellants' presence, resulting in the probate court's judgment entry of August 12, 2016 overruling appellants' objections.

**{¶25}** The probate court, on August 30, 2016, next issued a judgment entry implicitly denying appellants' subsequent motion to vacate, but it nonetheless allowed for the filing of the magistrate's hearing transcript (upon final payment by Attorney Huth for

the remaining transcriptionist's fee), followed by the probate court's assurance that it would review same and "make a new determination concerning the adoption of the magistrate's decision."

**{¶26}** In regard to the issue of notice of the hearing of August 12th, the court also ruled as follows: "*** The Court possesses information that the fax sent to Ms. Huth on August 8th was received by her office immediately upon transmission. Ms. Huth uses a post office box to receive her mail. Since this mail is not delivered, it is up to Ms. Huth to make sure she picks up her mail every day. The Court finds it likely that the fax was ignored and the mail was not retrieved in a timely fashion. It is the responsibility of Ms. Huth to make adequate arrangements to receive mail in the course of her business." Judgment Entry, August 30, 2016, at 2-3.

**{¶27}** Appellants point out that Attorney Huth asserted to the probate court, in the motion of September 7, 2016 for leave to supplement appellants' objections, that she did pick up her mail "at the end of the day" on August 11, 2016, including the notice of the August 12, 2016 (8:00 AM) hearing, but that it was her practice to open and sort her mail on the next business day. Appellants also note that Attorney Huth likewise asserted that during the week of August 8, 2016, as she was preparing for an unrelated permanent custody trial, a large volume of faxed material was coming into her office, and thus her machine may have run out of paper for printing, or the faxed notice of hearing in the case *sub judice* may have gotten mixed in with said material.

**{¶28}** Certainly, it is a basic tenet of Ohio jurisprudence that cases should be decided on their merits. *See, e.g., Jones v. All Tune & Lube*, 8th Dist. Cuyahoga No. 96674, 2011-Ohio-6432, ¶ 18, citing *Perotti v. Ferguson* (1983), 7 Ohio St.3d 1, 3, 454

N.E.2d 951. However, we are also mindful that "[w]hile Civ.R. 53(D)(4)(b) allows a trial court to take additional evidence or itself hear a matter previously referred to the magistrate, it does not mandate such hearings." *Argenziano v. Argenziano*, 9th Dist. Medina No. 10CA0116–M, 2012-Ohio-1447, ¶ 10. Moreover, in this instance the record before us reveals that most of the aforesaid details regarding the alleged lack of notice of the objection hearing to Attorney Huth were not provided by appellants to the probate court until *after* its decision of August 30, 2016 denying the motion to vacate.

**{¶29}** Accordingly, upon review, we find no reversible error in the probate court's decision to deny appellants relief from judgment based upon a claim of lack of notice of the scheduled Civ.R. 53 objection hearing, and to ultimately deny their objections.

**{¶30}** Appellants' First Assignment of Error is overruled.

II.

**{¶31}** In their Second Assignment of Error, appellants contend the probate court erred by refusing to allow them to file supplemental objections to the magistrate's decision ordering specific attorney fees. We disagree.

**{¶32}** Civ.R. 53(D)(3)(b)(iii) states in pertinent part that "[i]f a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." Generally, where a motion requires leave of the trial court, our standard of review is that of abuse of discretion. *See Riley v. City of Cincinnati*, 1st Dist. Hamilton No. C-73435, 1974 WL 184559.

**{¶33}** In the case *sub judice*, appellants initially created a delay by being late in paying for a transcript of the magistrate's hearing, and when the transcript became available, they waited over a month (from August 5, 2016 until September 7, 2016) to

request leave to supplement their objections. Despite this, even though the trial court on August 30, 2016 had technically overruled appellant's motion to vacate its prior decision to adopt the magistrate's decision, it went the extra mile and independently reviewed appellants' original objections again, this time with the benefit of the long-awaited transcript, leading to the judgment entry presently under appeal.

**{¶34}** Accordingly, under the circumstances of the case *sub judice*, we are unpersuaded the probate court abused its discretion in declining to grant leave for appellants to supplement their Civ.R. 53 objections.

**{¶35}** Appellants' Second Assignment of Error is therefore overruled.

**{¶36}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Probate Division, Tuscarawas County, Ohio, is hereby affirmed.

By: Wise, John, J.

Delaney, P. J., and

Hoffman, J., concur.

JWW/d 0531