[Cite as *In re L.D.*, 2018-Ohio-3455.]

LCOURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

L.D.

DEPENDENT CHILD

JUDGES:
Hon. John W. Wise, P. J.
Hon. W. Scott Gwin, J.
Hon. Craig R. Baldwin, J.

Case No. 18 CA 0027

O P I N I O N

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Juvenile Division, Case No.  F2016-
                             0187

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      August 27, 2018

APPEARANCES:

For Appellant Father

ERIN J. MCENANEY
6956 East Broad Street
#238
Columbus, Ohio  43213

For Appellee LCJFS

WILLIAM C. HAYES
PROSECUTING ATTORNEY
JEFFREY BOUCHER
ASSISTANT PROSECUTOR
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, P. J.*

**{¶1}** Appellant-Father Jamie D. appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, which granted permanent custody of his minor child, L.D., to the Licking County Job and Family Services ("LCJFS"). The relevant procedural facts leading to this appeal are as follows.

**{¶2}** Appellant is the father of two minor children, L.D., born in 2014, and K.D., born in 2012.[1] Appellant is married to Stephanie D., the mother of the two children. Both children were removed from the parent's home in March 2016 upon a report received by the agency that the parents had tested positive for methamphetamine. The concerns at that time included parental substance abuse and unemployment, potential loss of housing, and previous domestic violence incidents allegedly witnessed by the children.

**{¶3}** On March 23, 2016, LCJFS filed a complaint alleging dependency in the Licking County Court of Common Pleas, Juvenile Division. On June 15, 2016, appellant and the children's mother appeared in court and stipulated to a dependency finding.

**{¶4}** A dispositional hearing took place on August 19, 2016. A juvenile court magistrate issued a decision on September 19, 2016, recommending the maintaining of temporary custody with the agency. Both parents filed objections, but the trial court overruled same and adopted the magistrate's decision via a judgment entry issued on March 24, 2017.

---

[1] The sibling's case, as to appellant-father, is being addressed under a separate appellate case number. In addition, the mother of the children has filed her own appeal.

**{¶5}** In the meantime, prior to the court's ruling on the aforesaid objections, the agency filed a motion for permanent custody on February 17, 2017. The matter was heard by a magistrate on August 28, 2017, October 18, 2017, and October 20, 2017.

**{¶6}** After taking the matter under advisement, the magistrate issued a decision on January 25, 2018, recommending a grant of permanent custody of K.D. and L.D. to LCJFS.

**{¶7}** On February 8, 2018, Stephanie D., the children's mother, filed objections to the magistrate's decision regarding permanent custody.

**{¶8}** On February 12, 2018, appellant-father also filed objections to the magistrate's decision.

**{¶9}** The trial court overruled Stephanie D.'s objections and approved the decision of the magistrate on February 14, 2018.

**{¶10}** The trial court, in a separate judgment entry, also denied appellant's objections on February 14, 2018.[2]

**{¶11}** On March 16, 2018, appellant filed a notice of appeal concerning the latter entry. He herein raises the following sole Assignment of Error:

**{¶12}** "I.    THE TRIAL COURT COMMITTED HARMFUL ERROR IN OVERRULING THE DEFENDANT-APPELLANT'S OBJECTION TO THE MAGISTRATE'S DECISION."

---

[2]   Appellant did not include or attach with his brief a copy of the judgment entry under appeal. *See* Loc.App.R. 9(A). We have nonetheless reviewed the original document in the record.

I.

**{¶13}** In his sole Assignment of Error, appellant-father contends the trial court committed harmful error in overruling his objection to the magistrate's decision and awarding permanent custody of L.D. to LCJFS. We disagree.

**{¶14}** Juv.R. 40(D)(3)(b)(iii) states in pertinent part that "[a]n objection to a *factual finding*, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. ***." (Emphasis added). Furthermore, as we have frequently noted, objections to a magistrate's decision must be specific. *See*, *e.g.*, *In re M.H.*, 5th Dist. Fairfield No. 2016 CA 43, 2017-Ohio-1110, ¶ 24, citing *North v. Murphy,* 5th Dist. Tuscarawas No. 2000AP050044, 2001 WL 246419.

**{¶15}** A review of the record in the case *sub judice* reveals the magistrate issued a seven-page decision, with thirteen paragraphs of factual findings, concluding with a recommendation of permanent custody of K.D. and L.D. to the agency. Despite this attention to detail by the magistrate, appellant's objection to the decision makes only the general assertion that the ruling was against the manifest weight of the evidence, with no factual findings mentioned; instead, the objection merely indicates a memorandum would be forthcoming after receipt of the transcript.

**{¶16}** Appellant presently concedes that his objection "did not state particular grounds" (Appellant's Brief at 7), but he essentially maintains that supplementation thereto would have been sought upon completion of the transcript. Certainly, Juv.R. 40(D)(3)(b)(iii) additionally states that "[i]f a party files timely objections prior to the date

on which a transcript is prepared, the party may seek leave of court to supplement the objections." Because this portion of the rule utilizes "leave of court" language, allowance of supplementation would be at the trial court's discretion. *See Matter of Estate of Holbrook*, 5th Dist. Tuscarawas No. 2016 AP 10 0051, 2017-Ohio-4429, ¶ 32, citing *Riley v. City of Cincinnati*, 1st Dist. Hamilton No. C–73435, 1974 WL 184559. It would not be unusual for an attorney representing an objecting party to bulk up his or her objections under Civ.R. 53 or Juv.R. 40 after an opportunity to read and review a trial transcript. However, we are unable in this instance to conclude the trial court abused its discretion in denying appellant an opportunity to do so, given the paucity of his original objection, even though the rule ordinarily allows thirty days to obtain a transcript.

**{¶17}** The trial court, in the judgment entry under appeal, cross-referenced its other judgment entry (issued on the same day), in which it had denied the objections filed by the mother, Stephanie D., and, having reviewed the audio record and exhibits, approved and adopted the magistrate's decision recommending permanent custody to the agency of both children. Reading the two rulings in *pari materia*, we find no basis to reverse the trial court's decision in the judgment entry under appeal to deny appellant's objections under Juv.R. 40.[3]

---

[3] The trial court also found appellant's objections were untimely filed. Although we presently find the issue moot, we observe Juv.R. 40(D)(3)(b)(i) clearly states that if a party (Stephanie D. in this case) timely files objections, any other party may also file objections "not later than ten days after the first objections are filed."

{¶18}  Appellant's sole Assignment of Error is therefore overruled.

{¶19}  For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is hereby affirmed.


By: Wise, P. J.

Gwin, J., and

Baldwin, J., concur.



JWW/d 0727